### Thomas J. Gannon, Defendant in Error, v. Hiram Tyree, Plaintiff in Error.

### Gen. No. 14,358.

CONTRACT—*what does not excuse undertaking to loan money.* If
in establishing an agency the principal agrees to lend the agent
a specific sum each month for the period of a year, he is not ex-
cused from so doing by the fact that such agency does not prove
profitable or by the fact that the commissions earned by the agent,
out of which the loans are to be repaid, were not sufficient to
make such repayment.

Assumpsit. Error to the Municipal Court of Chicago; the Hon.
STEPHEN A. FOSTER, Judge, presiding. Heard in this court at the
March term, 1908. Affirmed. Opinion filed April 12, 1909.

ARTHUR A. HOUSE and NATHAN E. UTT, for plaintiff
in error.

HUGH J. KEARNS, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the
court.

This cause was tried in the Municipal Court before
a judge thereof without the intervention of a jury,
and resulted in a finding and judgment for the amount
of plaintiff's claim, $1,000, and defendant prosecutes
this writ of error in an effort to have that judgment
reversed.

The cause of action rests on the rights of the parties
as they appear from a contract consisting of a letter
from the defendant to plaintiff and one Emmet L.
Siver, and their acceptance of it in these words:

"CHICAGO, FEB. 9TH, 1907.
MESSRS. THOMAS J. GANNON and E. L. SIVER,
    Chicago, Ill.
    GENTLEMEN: You are hereby appointed as agents
or representatives of mine to sell mining stock in such
corporations as I may determine, and I agree to give
you 25% commission on all sales effected by you, and
the difference between 25% and the compensation you
may pay to agents secured and employed by you and
working under your direction. I guarantee to main-
tain the office now established in Fort Dearborn build-
ing, or elsewhere as I may decide, in the City of Chi-
cago, for a period of one year, and I guarantee to
loan or advance to each of you the sum of $250 per
month for one year, the said loans to be charged against
you and to be deducted from commissions that may
accrue under this contract. You are to work under my
directions, and to give all your time and best efforts
to selling of stock in such corporations as may be des-
ignated.
                    Respectfully,
                            HIRAM TYREE.
    I accept the above.
        THOMAS J. GANNON.
        E. L. SIVER.''
    The business contemplated by the contract thus made
proved unprofitable and may be said to have been a
failure. Defendant was disappointed in the success
he had hoped for, but that in no way affects the con-
tractual relations of the parties. While everyone an-
ticipates profits from their ventures, many are doomed
to suffer disappointment, and the law holds the dis-
appointed to the same liability for their losses, as it
protects those, whose expectations have been realized,
in their lawful gains. Defendant refused to further
perform his part of the contract, and the instalments
of $250 sought to be recovered are those due for the
months of March, April, May and June, 1907.
    It is not contended that plaintiff was derelict in
any such way as to bring about his discharge or jus-
tify defendant in abandoning the contract. As a mat-

ter of fact, defendant put in no countervailing proof, but contented himself with a motion, made at the close of plaintiff's case, for a finding in his favor.

The contract bound defendant to loan plaintiff $250 each month for one year, "the said loans to be charged you and to be deducted from commissions that may accrue under this contract."

The question here presented for solution is somewhat novel, and aside from the authorities cited to us by plaintiff we have been unable to find any which are of an analogous character. However, it seems reasonable to us that the contract bound defendant to loan plaintiff $250 a month during the year, such loans, to a limited extent, to be charged against plaintiff. The only liability, however, resting on plaintiff to repay was from commissions earned, and none worthy of mention were earned. To such commissions defendant must look for repayment. Notwithstanding no commissions were being earned, this fact did not absolve defendant from his contract obligation to advance $250 each month for a year. In faith of that understanding upon the part of defendant, plaintiff became a party to the contract. Defendant cannot, in reason or fairness, escape such self-imposed liability because the result has proven to be unprofitable to him.

Schlessinger v. Burland, 42 Misc. Rep. N. Y. 206, is certainly as near alike to the case at bar as two cases can well be. In the Burland case the compensation of the salesman was commission on sales made. The employer agreed to advance traveling expenses and $250 each month for one year, both to be charged to and deducted from commissions at the end of the period of employment. The action was for two monthly advance payments. The employer set up as a counter claim a small sum of money advanced in excess of commissions. This counter claim was eliminated by demurrer. In construing that part of the contract providing for reimbursement for the advances, the court say: "In effect the presence of the last men-

tioned provision points to the mutual intention of the parties, that the commissions should constitute a fund which alone should be resorted to for reimbursement of the 'advances.' We are to give reasonable meaning, if possible, to every part of the agreement, rather than to hold a particular clause thereof wholly without import.'' But it is said that in the contract at bar the monthly advances of $250 are called loans, while in case *supra,* nowhere in the contract is the traveling expenses or the $250 denominated loans. We think, however, this is a distinction without a difference, and more clear does this appear when it is borne in mind that whether advances or loans, both were to be repaid from the same source, viz: commissions on sales. The practical effect, therefore, in each case is the same. The advances in one case were to be paid from commissions, and the loans in the case at bar were to be repaid from commissions. In neither could the employer escape the liability to make the loans or advances at the appointed time. Neither could he obtain repayment except from commissions earned. Nor did the contract in either case impose a personal obligation other than to make repayment from the fund designated for that purpose.

Schwerin v. Rosen, 45 Misc. Rep. N. Y. 409, is in no respect distinguishable in principle from Schlessinger v. Burland, *supra,* in which latter case the court say: ''This agreement is in one way distinguishable from that before the Court in Wineberg v. Blum, 13 Daly 399, in which case the Court adopted the construction that, since no time was fixed for the payment of commissions, the commission account was to be adjusted at the end of the period of employment, and that the provision for weekly withdrawals imported the agreement by 'the employer to pay the sum from week to week, irrespective of the question whether commissions had accrued for application to each withdrawal. The agreement before us specified no time for the payment of commissions.''

We perceive no error in the judgment of the Municipal Court, and it is therefore affirmed.

*Affirmed.*