### DURANTE v. RAIMON et al.

(Supreme Court, Appellate Division, First Department. January 21, 1910.)

1. MASTER AND SERVANT (§ 70*)—COMPENSATION—CONSTRUCTION OF CONTRACT.
　　A contract of employment as salesman provided that "your earnings to be based on four per cent. of your sales, discounts and bad debts deducted, allowing you a drawing account of $60 per week, and commissions in excess, if any, to be paid you at the expiration of the present agreement." *Held*, that the salesman was entitled to $60 per week in any event, and that his compensation might amount to more if his sales were large.
　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 83; Dec. Dig. § 70.*]

2. APPEAL AND ERROR (§ 927*)—REVIEW—DISMISSAL—INFERENCES FROM EVIDENCE.
　　Where a complaint is dismissed, plaintiff is entitled to the most favorable inferences of which the evidence is capable.
　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3748; Dec. Dig. § 927.*]

3. MASTER AND SERVANT (§ 43*)—ACTION BY AGENT FOR BREACH OF CONTRACT—QUESTION FOR JURY.
　　In an action by a salesman for damages for wrongful discharge, plaintiff makes out a prima facie case by evidence of the amount the employer had absolutely agreed to pay him per week, and a dismissal on the ground that he has failed to prove damage is erroneous.
　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 57, 58; Dec. Dig. § 43.*]

Appeal from Appellate Term.

Action by Alfred W. Durante against Albert Raimon and others. From a judgment of the City Court dismissing the complaint, plaintiff appealed to the Appellate Term, where the judgment was affirmed (115 N. Y. Supp. 115), and plaintiff appeals. Reversed.

See, also, 132 App. Div. 932, 117 N. Y. Supp. 1133.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Louis B. Brodsky, for appellant.
Terence J. McManus, for respondents.

SCOTT, J. The plaintiff appeals from a determination of the Appellate Term affirming a judgment of the City Court which dismissed the complaint. The action is by a salesman against his employer for dama-

---

ges for a wrongful discharge. Plaintiff was employed under a written contract for a term of 18 months from May 1, 1907, to October 31, 1908. He was discharged in February, 1908. His complaint was dismissed because in the opinion of the trial court he had failed to prove any damages or any facts upon which a verdict for damages could be based. He did prove his contract of employment, which contained the following clause as to his compensation:

"Your earnings to be based on four per cent. of your sales, discounts and bad debts deducted, allowing you a drawing account of $60 per week, and commissions in excess, if any, to be paid you at the expiration of the present agreement."

Plaintiff also gave evidence of his efforts to obtain other employment, what he obtained, and how much he earned.

It is clear that the dismissal of the complaint resulted from a misconception of the nature of the compensation agreed to be paid plaintiff. Under his contract he was entitled to be paid $60 per week in any event. His compensation might amount to more if his sales were large, but not to less, even if his sales did not come up to his employer's expectation. The case is not to be distinguished in principle from Gifford v. Waters, 67 N. Y. 80. The respondent, indeed, makes but a half-hearted attempt to uphold the ruling below, insisting that upon plaintiff's own evidence he showed justification for his damages. We should hesitate to go so far as to hold this as a matter of law, for that is a matter which should ordinarily be left to the jury. In any event, however, the plaintiff, his complaint having been dismissed, is entitled to the most favorable inferences of which the evidence is capable. The sole ground upon which the complaint was dismissed was that he had failed to make proof of damage. He showed damage prima facie by showing the amount the defendants had absolutely agreed to pay him per week. The dismissal was therefore erroneous.

The determination of the Appellate Term and the judgment of the City Court are therefore reversed, and a new trial granted, with costs to the appellant in this court and the courts below to abide the event. All concur.