### LEVAY v. GOLDWASSER et al.

(Supreme Court, Appellate Term. February 8, 1912.)

1. MASTER AND SERVANT (§ 70*)—CONTRACT OF EMPLOYMENT—CONSTRUCTION.
   A contract of employment of a salesman, who was to receive a sum equal to a specified per cent. on the total amount of sales made by him and a weekly drawing account, to be deducted from his commissions, is not susceptible of the construction that he was entitled to commissions only, and that he was a debtor to the extent that the weekly allowance exceeded commissions earned.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 82–86; Dec. Dig. § 70.*]

2. MASTER AND SERVANT (§ 36*)—CONTRACT OF EMPLOYMENT—WRONGFUL DISCHARGE—DAMAGES.
   Where a salesman, employed for a specified period at a specified commission on the total amount of sales made by him and a weekly drawing account, to be deducted from his commissions, was improperly dis-

charged, and he sued therefor, it was error to dismiss the complaint, though the salesman had earned no commissions before his discharge, and had received the drawing account, since he might have earned, during the balance of the employment, commissions sufficient to make up any deficiency.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 36.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Bernard Levay against Morris Goldwasser and others, copartners doing business under the firm name and style of M. Goldwasser & Sons. From a judgment of the Municipal Court, dismissing the complaint at the close of plaintiff's case, he appeals. Reversed, and new trial granted.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

Morris & Samuel Meyers, for appellant.
Max Greenberger, for respondents.

HOTCHKISS, J. The plaintiff was employed by the defendants as a salesman, under a contract by which he was to receive "a sum equal to $7\frac{1}{2}$ per cent. on the total amount of sales made by him"; it being further agreed that plaintiff should "receive a drawing account of $25 per week" while in New York City, and of $60 per week while traveling elsewhere, such payments to be deducted from his commissions. The term of the employment was from February 28, 1911, to November 1, 1911. Plaintiff worked until August 5, 1911, when he was discharged. He had been paid $1,005.67 on his drawing account for the period prior to his discharge. Plaintiff showed that from that date until November 1, 1911, his drawing account at the rate of $25 per week would have been $254.33, and rested. The complaint was dismissed, because the plaintiff had not proved what commissions he had earned, or would have earned had he remained in defendants' service.

[1, 2] This was error. If the plaintiff was improperly discharged, as we must assume was the case in the absence of proof to the contrary, the case cannot be distinguished from Durant v. Raimon, 136 App. Div. 448, 120 N. Y. Supp. 881. The respondents argue that the contract gave plaintiff a right to commissions alone, and no salary; but, to sustain the decision below, it would be necessary to hold, not only that the contract gave plaintiff the right to commissions only, but also that the appellant became respondents' debtor to the extent that the sum drawn each week may have exceeded the commissions earned. The contract is not susceptible of such construction. Hollender v. Bernheimer, 60 Misc. Rep. 566, 112 N. Y. Supp. 467; Northwestern Mutual Insurance Company v. Mooney, 108 N. Y. 118, 15 N. E. 303. The fact that, so far as appears, plaintiff had earned no commissions before his discharge, affords no basis for dismissing the complaint, inasmuch as he might have earned in the ensuing weeks commissions sufficient to make up any deficiency theretofore

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

resulting between his earned commissions and the amount of his weekly drawings.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

