# Ben Strauss, Defendant in Error, v. Cohen Bros. Company, Plaintiff in Error.

## Gen. No. 16,339.

1. CONTRACTS—*when parol evidence incompetent to aid construction.* Parol evidence to explain the meaning of a written contract is not admissible where there is no ambiguity in the language used, nor apparent conflict in the terms of the contract.

2. CONTRACTS—*how to be construed.* In arriving at the intention of the parties effect must be given to every clause, word or term employed by the parties.

3. CONTRACTS—*"advances" construed. Held,* that an undertaking to make "advances" is not equivalent to an obligation to pay salary absolutely.

Error to the Municipal Court of Chicago; the HON. JOHN H. HUME, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed and judgment here. Opinion filed March 30, 1912.

CRATTY BROS. & JARVIS, for plaintiff in error.

JAMES E. GILLIS and WILLIAM CAPESIUS, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Ben Strauss sued Cohen Brothers Company, a corporation, for a balance of account of $566.68, alleged to be due him as salary and expenses as its traveling salesman. Cohen Bros. Company filed a set-off in the sum of $1,180.18 for advances made by them to Strauss in excess of the amount due him as such salesman, whom they alleged to have been employed at certain commissions on the amount of goods sold by him for it. In a trial before the court Strauss recovered a judgment of $366.62. The corporation prosecutes this writ of error.

The contentions of the parties to this suit are over the construction of the written contract entered into and signed by them in August, 1908. Defendant in error contends that by that contract he was to be paid in any event a salary of $1,200, or $100 per month, for his services regardless of the amount of his sales. Plaintiff in error contends that while it was to advance reasonable traveling expenses and in addition thereto $100 per month, yet, it was with the understanding and agreement that if the sum of such advances, expenses and $100 additional per month, should exceed the amount of commissions on all sales of defendant in error, provided for by the contract, that then such excess should be repaid by him to plaintiff in error. The contract appears to be complete in itself and to embody in very specific language the entire agreement

of the parties. The parts of the contract bearing upon the contentions of the parties are the following paragraphs thereof, to wit:

"II.  Said party of the second part (Strauss) agrees not to make any collections for or in the name of said Cohen Bros. Co., except on their written authority; nor to draw any drafts upon said Cohen Bros. Co., nor contract any debts on their account; and said party of the second part further agrees that he will render weekly an itemized account of all expenses necessarily incurred in the performance of his duties in the pursuit of business for the said party of the first part; the amount of said expenses to be at all times subject to the audit of said party of the first part before allowance."

"IV.  In consideration of the good and faithful performance of said duties by the party of the second part (Strauss) he at all times fully complying with the instructions of party of the first part, said Cohen Bros. Co. agrees to advance to the second party from time to time as may be necessary, reasonable traveling expenses and to further advance to second party on the first of each month, commencing with the second month of this contract, and continuing while same shall be in force between the parties, the sum of $100.00—One Hundred Dollars, with the understanding that the sum of such advances for any year shall not exceed (See below) per cent of the sales of said second party; and if at the close of the year's shipments, the amount shown by computing ——— per cent on the sales of said second party, shall show an excess over and above the sum of moneys advanced by first party for traveling expenses, together with the drawing account, then any such excess sum shall be paid to second party by first party.

"V.  Sales under this agreement to constitute actual shipments of merchandise to customers of said party of second part, minus all merchandise returned by purchasers, the said party of the first part reserving the right to reject any order sent in by party of the second part, either because of unfavorable investiga-

tion by credit department, or for any other reason. All mail orders to be credited to party of the second part.

"VI. It is further mutually agreed by and between the parties hereto that in case that party of the second part shall sell any article of merchandise below the marked price of same and if shipped, it shall also be optional with the party of the first part to include or exclude the amount of such article in computing sales of said party of second part; and it is further mutually agreed by the parties hereto, that in case of any failure in business of a customer of party of the second part, the amount of the account, if any, of such customer, owing to said party of first part, shall be subtracted from the amount of the sales of party of second part before computing commission.

"VII. This agreement to remain in force for the period from November 1st, 1908, to October 31st, 1909, with the mutual understanding and agreement that same may be terminated at any time by either of the parties hereto giving thirty days' notice in writing to the other."

"Commission.

3 per cent for jobbing trade.

5 per cent for Retail Trade Department Store.

7½ per cent for Regular Retail Trade."

The evidence in this case is, in substance, that defendant in error sold for plaintiff in error under said contract between $17,000 and $18,000 of goods; that the cancellations of sales were between $2,000 and $3,000, making the net sales less than $16,000; that the total expenses advanced him were $1,407.38, and that the total advanced him on his drawing account was $833.32, making the total advancements $2,240.70.

It is very apparent that if the plaintiff in error's contention be sustained that the defendant in error is indebted to plaintiff in error, even if he be given the highest commissions on net sales, and that the judgment must in such case be reversed. The court held by written propositions of law against plaintiff in error's contentions as to the proper interpretation of

the contract, and, if correct in those holdings, its judgment must be sustained.

The language of this contract and the meaning thereof is clear and unambiguous. Paragraphs IV, V, and VI, above quoted, show clearly and beyond all doubt that the contract was purely a commission contract. The closing words of Paragraph IV, "and if at the close of the year's shipments, the amount shown by computing ——— per cent. on the sales of said second party, shall show an excess over and above the sum of moneys advanced by first party for traveling expenses, together with the drawing account, then any such excess sum shall be paid to second party by first party," render it impossible for a court to legally construe the contract according to defendant in error's contentions. The entire contract and all its terms harmonize with our construction. The terms, "advance" and "advances," found in said fourth paragraph are shown to be used understandingly and in their true sense by the parties, when all the contract is considered. "To 'advance' money is to pay it before it is due, or it is to furnish money for a specified purpose, understood between the parties, the money or some equivalent to be returned." "An 'advance' is something which precedes. As applied to the payment of money, it implies that the parties look forward to the time when the money will be due the recipient." "The ordinary use of the term indicates moneys paid before or in advance of the proper time of payment. To advance is to supply beforehand; to loan before the work is done or the goods are made." Words and Phrases, Vol. 1, pp. 214, 217.

Parol evidence to explain the meaning of a written contract is not admissible where there is no ambiguity in the language used, nor apparent conflict in the terms of the contract. In arriving at the intention of the parties effect must be given to every clause, word or term employed by the parties, or in the quaint lan-

guage of the law writers, "the contract must be collected from the four corners of the document." Mittel v. Karl, 133 Ill. 65; Webbe v. Ramona O. A. Co., 58 Ill. App. 222. "When the language employed is unequivocal, although the parties may have failed to express their real intention, there being no room for construction, the legal effect of the instrument will be enforced as written." Clark v. Mallory, 185 Ill. 227, 232.

It is strenuously argued by defendant in error that because in making remittances on the "drawing account," plaintiff in error used such expressions in some of its letters to him, as, "we credit same on your salary account," or "we enclose you check for salary," that we must construe the contract to mean that defendant in error must in any event be paid one hundred dollars per month for his entire services without deductions therefrom. This is contended for on the ground that the word salary ordinarily means, "Compensation stipulated for services—annual or periodical wages or pay." In plaintiff's exhibit 4, letter of plaintiff in error to defendant in error of date April 22, 1909, in which this term "salary" was used, plaintiff in error made it plain to defendant in error that the term was used consistently with the language of the contract, by this further language: "It is just as I told you when you were here, if you had only to depend on the Cohen Bros. Company line, you would have fallen down in great shape and it was a good thing for you and us also, that the Monarch helped you out, and in order to come out even at the end of this year, you must try and sell other things but the duck coat line and get more into the general lines, otherwise, there will be no money in it for you nor us." But in any event, the law is that where a contract is too clear to need explanation, parol evidence is not admissible to explain it. And again, while the interpretation by the parties to a contract as evidenced by their words and acts, will in cases of doubt, be resorted to for the pur-

pose of arriving at their true intention, this rule is never allowed to govern when the effect will, as in this case, be to overthrow the plain terms of the contract. Western Ry. Equip. Co. v. Mo. M. I. Co., 91 Ill. App. 28; Street v. Chgo. W. and S. Co., 157 Ill. 605.

The court erred in holding that the contract provided for the unconditional payment of a salary or compensation to defendant in error of one hundred dollars per month, and in not finding that he was indebted to the plaintiff in error. Inasmuch, however, as plaintiff in error has expressly stated to us in its brief that it will not insist on a judgment for any definite sum, and has signified its willingness for us to merely give a judgment in bar, of the action, the order of this court is that the judgment be reversed and that judgment be entered here in favor of plaintiff in error and against the defendant in error in bar to his suit and for costs.

*Reversed and judgment here.*