(80 Misc. Rep. 645.)

LOUIS AUERBACH, Inc., v. RAMER.

(Supreme Court, Appellate Term, First Department. May 22, 1913.)

MASTER AND SERVANT (§ 70*)—TRAVELING SALESMAN—RECOVERY OF ADVANCES IN EXCESS OF COMMISSION.

    Where the employer of a traveling salesman, hired on a commission basis in lieu of salary, agrees to advance the agent a certain sum per week during the life of the agreement, the advances to be charged "per-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sonally to the employé" and to be "deducted from the amount of his commissions," there can be no recovery by the employer of an excess of advances over the commissions.

[Ed. Note.—For other· cases, see Master and Servant, Cent. Dig. §§ 82–86; Dec. Dig. § 70.*]

Appeal from City Court of New York, Special Term.

Action by Louis Auerbach, Incorporated, against Milton C. Ramer. From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained, with leave to plead over.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Leo C. Weiler, of New York City, for appellant.

Feiner & Maass, of New York City (Herbert H. Maass and Nathan Ballin, both of New York City, of counsel), for respondent.

WHITAKER, J. The fifth cause of action, to which the demurrer was interposed, arose on a written contract between the plaintiff (employer) and defendant (employé), and is brought for the recovery of an excess of moneys advanced by the plaintiff over and above commissions earned by the defendant pursuant to the terms of his employment. The fifth cause of action sets up a written agreement between plaintiff and defendant whereby plaintiff employed defendant as traveling salesman and defendant entered into the employ of plaintiff as such. The agreement, so far as it is material, is as follows:

"The employé further agrees that he will personally bear and pay all and singular the traveling expenses incurred by him upon each and all of his selling trips, and any sums which the employer shall or may advance to him on account of such traveling expenses shall be charged personally to the employé, and deducted from the amount of his commissions as hereinafter provided."

"As and for full compensation for all of the services to be rendered by the employé, and in lieu of a salary therefor, the employer agrees to pay to the employé, and the employé agrees to accept and receive, commissions upon the following basis, to wit: (a) Ten per cent. (10%) of the gross selling price of all merchandise comprising the general line of neckwear manufactured by the employer, except that, where the same is sold in job lots, said commission is to be five per cent. (5%) only. (b) A commission of five per cent. (5%) upon the merchandise comprising hosiery and angora goods dealt in by the employer."

"The employer agrees to advance to the employé the sum of fifty ($50) dollars, each and every week during the continuance of this agreement, on account of commissions, which the employé shall or may make and earn under and pursuant to the terms hereof, which said advances shall be charged to the personal account of the employé, and shall, as hereinbefore provided, be deducted from the earnings of the employé."

Plaintiff alleges that the agreement terminated on October 26, 1912; that during the continuance of the contract plaintiff advanced money to defendant under its terms for traveling expenses and also on account of anticipated commissions; that at the termination of the contract such advances amounted to $373.45 in excess of commissions earned by defendant. Plaintiff asks judgment for that amount. Defendant demurred to the said fifth cause of action, on the ground of

insufficient facts. The demurrer was overruled. The learned justice stated in his opinion:

"The language used in the agreement takes this claim out of the rule as stated in Durante v. Raimon, 136 App. Div. 448 [120 N. Y. Supp. 881]."

The learned justice was probably correct when he stated that the language used in the agreement in the case at bar takes the claim outside of the rule stated in the case referred to. The facts of that case were quite different. There are other cases, however, which lay down the rule that advances made in contracts similar to the one in the case at bar are not loans, and cannot be recovered. This principle is laid down in North Western Mutual Insurance Co. v. Mooney, 108 N. Y. 118, 15 N. E. 303, where the court said, speaking of an advance made pursuant to a contract similar in purpose, that the advance, if to be used to promote the business of the person making it, could be considered neither as a gift nor a loan. There is later judicial recognition and approval of this general doctrine in the case of Schlesinger v. Burland, 42 Misc. Rep. 206, 85 N. Y. Supp. 350; also in the case of Wolfsheimer v. Frankel, 130 App. Div. 853, 115 N. Y. Supp. 958.

The rule to be deduced from these and other similar authorities is that where a contract of employment provides for advances to the employé, and which are to be charged to and deducted from the commissions agreed by the employer to be paid to the employé as the same may accrue, the employer cannot, in the absence of either an express or implied agreement or promise to repay any excess of advances over the commissions earned, recover from the employé such excess.

The question in the case at bar, therefore, resolves itself into one of interpretation of the contract between the parties. I can find no such express or implied agreement or promise in such contract. While the advances are to be charged "personally to the employé," they are to be deducted from the amount of his commission. They are payable out of a specific fund, to wit, the anticipated commissions.

The respondent in his brief lays much stress on the words in the contract "which said advances shall be charged to the personal account of the employé." Even if we take these words alone, without giving the words which follow, and which declare they should be deducted from the earnings of the employé, any force, they do not contain any express or implied contract to repay. If the parties had it in their minds to make the defendant pay back any excess of advances, they certainly would have said so. It would have been a simple matter, and it is incomprehensible that such a simple provision should have been omitted, if the parties had intended otherwise. The words are not sufficient to create a personal liability on the part of the defendant, and in my judgment were never intended to create such liability.

The order and interlocutory judgment overruling the demurrer should be reversed, with $10 costs and disbursements, and the demurrer sustained, with $10 costs, with leave to the plaintiff to plead over within six days after service of a copy of the order entered herewith, with notice of entry thereof in the City Court, upon payment of costs in this court and in the court below. All concur.