(83 Misc. Rep. 35.)

### MILLER v. BLAISDELL MACHINERY CO.

(Supreme Court, Appellate Term, First Department. December 18, 1913.)

MASTER AND SERVANT (§ 70*)—COMPENSATION—CONSTRUCTION OF COMMISSION —CONTRACT.

An agreement to pay a weekly drawing account, to be deducted from commissions to be earned by a salesman, is an absolute covenant to advance the stipulated sum each week during the continuance of the contract irrespective of the amount of the commissions earned, and thereunder a salesman is not a debtor for the deficiency of commissions, and the drawing account is only to be set off against commissions actually earned.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 82–86; Dec. Dig. § 70.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Dwight D. Miller against the Blaisdell Machinery Company. From a judgment dismissing the complaint, with costs, at the close of plaintiff's case, plaintiff appeals. Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

White & Case, of New York City, for appellant.
John J. Phelan, of New York City, for respondent.

PAGE, J.  This is an action to recover the amount of a drawing account alleged to be due to the plaintiff by reason of a contract which he had with the defendant whereby he agreed to devote his entire time to selling the vacuum cleaner of the defendant in the vicinity of Manhattan, for which the defendant agreed to pay him 10 per cent. commission on all sales.  The contract contains a clause which states:

"This agreement shall remain in force until terminated, such termination to be after 30 days' notification in writing by either party."

And a further clause providing that:

"The party of the first part shall advance the party of the second part fifty dollars ($50) per week as a drawing account, to be deducted from sum due on account of commissions above mentioned."

The plaintiff proved the contract, and that on April 28th he received notice from the defendant that it would be terminated on May 28, 1913.  He further proved that the defendant failed and refused to pay his drawing account after April 3, 1913.  The learned trial justice dismissed the complaint on motion of the defendant, on the ground that the plaintiff could not recover without proving that he had earned commissions in excess of the amount already drawn.

This was clearly erroneous.  It has always been held in this state that an agreement to pay a weekly drawing account, to be deducted from commissions to be earned by a salesman, is an absolute covenant to advance the stipulated sum each week during the continuance of the contract, irrespective of the amount of the commissions earned. Weinberg v. Blum, 13 Daly, 399; Durante v. Raimon, 136 App. Div. 448, 120 N. Y. Supp. 881; Lobsitz v. Leffler, Theile & Co., 140 App. Div. 14, 124 N. Y. Supp. 533; Levay v. Goldwasser, 75 Misc. Rep. 461, 133 N. Y. Supp. 456.  The salesman is not a debtor to his principal for the deficiency of his commissions, and the drawing account is only to be offset against commissions actually earned.  N. W. Mut. Life Ins. Co. v. Mooney, 108 N. Y. 119, 15 N. E. 303.  The plaintiff proved that for several weeks, while the contract was in full force, the drawing account was not paid.  This established a prima facie case.

The judgment appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event.  All concur.