(91 Misc. Rep. 7)

### SAMUELS et al. v. BLOOM.

(Supreme Court, Appellate Term, First Department. June 23, 1915.)

MASTER AND SERVANT ☞70—COMPENSATION—ADVANCES BY EMPLOYER—RECOVERY.

A contract between a traveling salesman and his employer provided for the payment of a specified commission to the salesman, that the employer would "loan and advance" to the salesman $75 a week, which should be charged against and deducted from his commissions, and that the employer need not make any further "advances" when the salesman's account had been overdrawn. *Held* that, where the amounts advanced exceeded the commissions due the salesman, the employer could not recover the amount overpaid, since it was the evident intention of the parties that the moneys paid the salesman should be treated as advances against his commissions, and not as loans, and where, under a contract of employment, advances are to be charged to and deducted from agreed commissions, the employer cannot, in the absence of an express or implied agreement or promise to repay any excess of advances over commissions, recover the excess.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 82–86; Dec. Dig. ☞70.]

Appeal from City Court of New York, Trial Term.

Action by Heinrich Samuels and others against Henry Bloom. From a judgment entered on a verdict directed in favor of plaintiffs and dismissing defendant's counterclaim, and from two orders, one denying defendant's motion for a new trial, and the other denying a motion to amend the judgment by striking out the words "on the merits" after the provision for the dismissal of the counterclaim, defendant appeals. Judgment reversed, and complaint dismissed. Appeals from orders dismissed.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Arthur Hutter, of New York City, for appellant.

Otto A. Samuels, of New York City (Ralph H. Blum, of New York City, of counsel), for respondents.

GUY, J. The complaint alleges the execution of a contract by the parties under which the plaintiffs hired the defendant as their traveling salesman; that his commissions under the agreement amount to $1,450.47; that during the term of the contract the plaintiffs loaned and advanced to the defendant divers sums of money, and sold and

delivered to him certain goods, wares, and merchandise, said loans and the agreed prices on said sales aggregating $2,440.51, which sum the defendant promised to repay to the plaintiffs; and they demanded judgment for $990.04, being the excess of the alleged loans and sales over the commissions.

On the trial the plaintiffs gave no evidence of the alleged sales, nor of any express promise by the defendant to repay the alleged loans. They claim to have proved a cause of action against the defendant by simply putting the contract in evidence and showing how much money he drew during the contract period, and deducting from that sum the commission to which he was entitled under the agreement; the balance being the amount for which the court directed a verdict in their favor.

The agreement provides for the payment to the salesman of 7½ per cent. on the net amount of commissions received on sales in his territory, also for a commission of 2 per cent. on contract jobs, and then follow the clauses:

"The parties of the first part agree to loan and advance to the party of the second part $75 per week, which amounts shall be charged against and deducted from his commissions. The parties of the first part need not make any further advances when the account of the party of the second part has been overdrawn."

The respondents contend that the use of the word "loan" requires the construction that the moneys drawn by their employé were loaned to him, and, the moneys thus drawn being in excess of the commissions, there is an implied promise for their repayment. But the language of the agreement is not simply that the employers were to "loan" $75 per week to the employé, but that they agreed to "loan and advance" him that amount, which sums are to be charged against and deducted from his commissions; and the employers need not make "any further advances"—not "any further loans"—when the employé's account has been "overdrawn." The intention of the parties is thus evident that moneys paid to defendant under the contract should be treated as advances against his commissions.

This construction requires the application of the doctrine that where a contract of employment provides for advances to the employé, which advances are to be charged to and deducted from the commissions agreed to be paid to him as the same may accrue, the employer cannot, in the absence of either an express or implied agreement or promise to repay any excess of advances over the commissions earned, recover from the employé such excess. Northwestern Mutual Life Ins. Co. v. Mooney, 108 N. Y. 118, 15 N. E. 303; Wolfsheimer v. Frankerl, 130 App. Div. 853, 115 N. Y. Supp. 958; Auerbach, Inc., v. Ramer, 80 Misc. Rep. 645, 141 N. Y. Supp. 848; Schlesinger v. Burland, 42 Misc. Rep. 206, 85 N. Y. Supp. 350.

Judgment reversed, with costs, and complaint dismissed, with costs. Appeals from orders dismissed. All concur.