(95 Misc. Rep. 171)

STRAUSS v. ARTHUR WOLFSOHN CO., Inc.

(Supreme Court, Appellate Term, First Department. May 22, 1916.)

1. MASTER AND SERVANT ⬅70(2)—COMMISSIONS—RECOVERY OF ADVANCES IN EXCESS OF COMMISSIONS.

In an action for wrongful discharge under a salesman's employment contract for a stipulated commission and a drawing account against commissions from sales, with a stipulated minimum, the defendant cannot counterclaim for advances in excess of commissions earned, though the contract provided for monthly statements and settlement, where the only statement furnished by defendant was five months thereafter.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 84; Dec. Dig. ⬅70(2).]

2. TRIAL ⬅165—DISMISSAL—HEARING AND DETERMINATION.

Where motion was made at close of plaintiff's case to dismiss because of his failure to make out a cause of action, contradictory testimony by him with reference to efforts to procure other employment did not require a. dismissal, since on such motion the plaintiff is entitled to the most favorable inferences of which the evidence is capable.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 373, 374; Dec. Dig. ⬅165.]

3. MASTER AND SERVANT ⬅40(1)—ACTION FOR WRONGFUL DISCHARGE—NATURE.

In such case, it is no part of plaintiff's case to show affirmatively that other employment was sought for and could not be found.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 47; Dec. Dig. ⬅40(1).]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. MASTER AND SERVANT ☞40(1)—ACTION FOR WRONGFUL DISCHARGE—DAMAGES.**

In an action for wrongful discharge, proof as to plaintiff's having been able to obtain, or having obtained, employment elsewhere, concerns the amount of his damages, and the burden of proof thereof is on the defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 47; Dec. Dig. ☞40(1).]

Appeal from City Court of New York, Trial Term.

Action by Henry A. Strauss against the Arthur Wolfsohn Company, Incorporated. From a judgment of the City Court, dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Price Bros., of New York City (Valentine Taylor and Morris I. Price, both of New York City, of counsel), for appellant.

Rosenthal & Heermance, of New York City (S. Michael Cohèn, of New York City, of counsel), for respondent.

GUY, J.   The action is to recover damages for wrongful discharge. The complaint alleges that on or about December 22, 1913, the defendant hired plaintiff as a salesman for one year from December 8, 1913, on a commission basis; that by said contract defendant agreed to pay plaintiff $55 a week during the life of the agreement, to be charged against the commission earned by the plaintiff; and that on or about May 29, 1914, plaintiff was without cause discharged from the employment.

In view of the admission of plaintiff's counsel that the letter written by defendant to plaintiff, and "accepted" over plaintiff's signature, "embodies the terms of the agreement entered into between the plaintiff and defendant," it is unnecessary to consider the rulings of the trial judge excluding oral evidence tending to show what the contract was.   The plaintiff testified that he was discharged on May 29, 1914. The contract embodied in the writing presents the usual features in salesmen's contracts—a stipulated commission and a drawing account against commissions accruing from sales.   It also contains the provision:

"We will issue a monthly statement showing the merchandise shipped for your account with commissions credited to your account and drawing account deducted showing your balance either in debit and credit column settlements to be made monthly."

On cross-examination defendant put in evidence a statement covering the period from the beginning of the employment down to May 23, 1914, showing total drawings $1,338, from which are deducted $165.98 commissions, making a balance debit of $1,172.02, for which defendant counterclaimed.   At the close of plaintiff's case the court granted defendant's motion to dismiss on the ground that plaintiff failed to make out a cause of action under the pleadings.   The ruling requires a reversal of the judgment.

[1] Ignoring for the moment the provision calling for monthly settlements, the plaintiff under the contract was entitled to receive $55

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

each week, irrespective of the amount of commissions earned. He was not a debtor for the deficiency of his commissions, and the drawing account could only be offset against commissions actually earned. Durante v. Raimon, 136 App. Div. 448, 120 N. Y. Supp. 881; Miller v. Blaisdell Machinery Co., 83 Misc. Rep. 35, 144 N. Y. Supp. 792; Levay v. Goldwasser, 75 Misc. Rep. 461, 133 N. Y. Supp. 456. As this court said in the case last cited (75 Misc. Rep. 462, 133 N. Y. Supp. 457):

> "The fact that, so far as appears, plaintiff had earned no commissions before his discharge, affords no basis for dismissing the complaint, inasmuch as he might have earned in the ensuing weeks commissions sufficient to make up any deficiency theretofore resulting between his earned commissions and the amount of his weekly drawings."

In that case the plaintiff had drawn $1,005.67, and apparently was entitled to no commissions, and sued for the total of the stipulated weekly drawings during the balance of the contract period.

Respondent claims, however, that because the agreement in this case contains the provision for a monthly statement, showing the balance "either in debit and credit columns, settlements to be made monthly," as the statement put in evidence showed that plaintiff's drawings exceeded his earned commissions, the plaintiff thereupon became liable to pay the balance, and failure on the part of the plaintiff to make payment of such balance justified the discharge. The provision referred to must be read and construed in the light of the whole contract, and the interpretation which the courts have placed on this class of contracts, and, so considered, it cannot be given the construction placed upon it by the respondent.

Evidently it was not the intention of the parties that there should be a monthly settlement in the sense contended for by the respondent, for the only statement furnished by defendant to plaintiff was the one in May, when he had worked for the defendant for over five months. Under the other provisions of the contract plaintiff was not required to make any payment to defendant by reason of the excess of his drawings over commissions, and it does not seem to have been within the contemplation of the parties by the use of the words "settlements to be made monthly" to so change the character of the agreement as to impose a personal liability on plaintiff to defendant for any such excess.

In Samuels v. Bloom, 91 Misc. Rep. 7, 154 N. Y. Supp. 189, the employer agreed to "loan and advance" to the employé a weekly sum, to be charged against his commissions, and it was held that the employer had no cause of action against the salesman for the amount overdrawn.

In Auerbach, Inc., v. Ramer, 80 Misc. Rep. 645, 141 N. Y. Supp. 848, the contract provided for the advance of a weekly amount on account of commissions, "which said advances shall be charged to the personal account of the employé, and shall, as hereinbefore provided, be deducted from the earnings of the employé," and the employer at the end of the contract period sued to recover the excess of the advances over commissions. The City Court overruled a demurrer

to the alleged cause of action, and this court, reversing the judgment and sustaining the demurrer, said:

"If the parties had it in their minds to make the defendant pay back any excess of advances, they certainly would have said so. It would have been a simple matter, and it is incomprehensible that such a simple provision should have been omitted if the parties had intended otherwise."

The reasoning of that decision seems directly applicable to the present controversy.

[2, 4] Although plaintiff's testimony seems contradictory with reference to efforts claimed to have been made by him to procure other employment after his discharge, this feature of the case concerns the amount of his damages, and it was no part of the plaintiff's case to show affirmatively that employment was sought for and could not be found, the burden of proof being upon the defendant to show that plaintiff had procured or could have found other employment elsewhere (Milage v. Woodward, 186 N. Y. 252, 78 N. E. 873); and, the plaintiff being entitled to the most favorable inferences of which the evidence is capable, the infirmity of his proof in this regard did not require a dismissal of the complaint.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.