## Felsenthal Brothers and Company, Appellant, v. Ben Gradwohl, Appellee.

### Gen. No. 24,739.

1. MASTER AND SERVANT—*liability of employee for advances in excess of commissions.* Where a salesman's contract with his employer provides that he is to have a weekly expense allowance and a monthly drawing account and is to receive a percentage of the profits on sales made by him and that the expense account and drawing account are to be charged against him and deducted from profits that he makes on the merchandise he sells for the employer, it is not intended that the money advanced the salesman shall be repaid the employer in case the salesman's commissions did not equal the advances.

2. ACCOUNT STATED, § 4*—*when not shown.* In an action by an employer against a salesman to recover amounts advanced in excess of commissions earned, evidence *held* insufficient to entitle plaintiff to recover on the theory of an account stated in that it did not show a demand for payment.

3. ACCOUNT STATED, § 4*—*second refusal not required where payment previously refused.* Where payment of a statement rendered is once refused, it is not necessary to refuse it again, when it is sent a second time, to prevent an account stated.

4. TRIAL, § 191*—*when verdict properly directed.* Where there is no conflict in the testimony and it is not such that conflicting inferences may reasonably be drawn therefrom, the direction of a verdict is proper.

Appeal from the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Affirmed. Opinion filed March 18, 1920.

FRANK SCHOENFELD, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against defendant claiming

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

$2,704.30 for money had and received and on an account stated. Defendant denied that he was indebted to the plaintiff for money had and received or on an account stated, but admitted that he owed plaintiff $74.14 for merchandise and tendered this amount. The case was tried before a judge and a jury and at the close of plaintiff's case there was a directed verdict for plaintiff for $74.14, the amount which defendant admitted he owed. Plaintiff prosecutes this appeal to reverse the judgment.

The record discloses that plaintiff was engaged in the wholesale jewelry novelties business in Chicago and employed defendant, a resident of Nebraska, as salesman. The terms of employment were evidenced by a written contract dated September 2, 1913, which, so far as material, provided that defendant was to receive 40 per cent of the profits of goods sold by him, $45 per week traveling expenses while on the road, and a drawing account of $250 per month. The traveling expenses and the drawing account were to be charged against defendant and deducted from his 40 per cent of the profits. The agreement was to run for 12 months unless other arrangements were made. It further provided that it would "continue in force, renewing itself, until canceled by either party." Plaintiff began work under the contract and continued until December, 1915, when he left the employ of plaintiff. During that time, he drew weekly $45 traveling expenses, and the $250 monthly until March, 1915, when the monthly drawing account was reduced to $200 and the basis of his commission changed from 40 per cent of the profits of his sales to 16⅔ per cent of the gross sales. February, 1916, plaintiff mailed to defendant a statement of the account covering the entire period of employment, which concluded:

"Total charges          $10,862.17
Less Commissions          8,157.87

Overdraft            2,704.30"

About a year afterwards, January 13, 1917, defendant mailed plaintiff a check for $74.14, the amount he admitted he owed plaintiff for merchandise, which check bore the following: "In full of all claims." This check was received by plaintiff in due course, and on March 7 following, plaintiff wrote defendant inclosing a statement of the account and asking payment. The check for $74.14 was returned as it was stated plaintiff could not accept it in payment in full as it was marked. It appears that during substantially the entire period of employment the money which defendant drew was more than his commissions amounted to. The witnesses all testified that the weekly and monthly amounts drawn by defendant were to be charged against the amount which he earned as commissions. The court held that there was no personal liability on defendant to repay the plaintiff, but that defendant would be only liable in case his commission account exceeded the advances made to him. In this we think the court was clearly right. The question resolves itself into an interpretation of the contract entered into by the parties. It is expressly provided that the expense account and the drawing account "is to be charged against me, and to be deducted from profits that I make on the merchandise that I sell for them." This language is clear and unambiguous. It clearly means that there was no intention of the parties that the money advanced the defendant from time to time should be repaid to plaintiff in case defendant's commissions did not equal the advances. *Auerbach v. Ramer,* 80 N. Y. Misc. 645, 141 N. Y. Supp. 848; *Gannon v. Tyree,* 148 Ill. App. 99; *Schlesinger v. Burland,* 42 N. Y. Misc. 206, 85 N. Y. Supp. 350.

But plaintiff contends there was an account stated and that he was entitled to a judgment on that theory. We cannot agree with this contention. The evidence is far from sufficient to establish an account stated. So far as the record discloses there was never a demand

on defendant for payment except when he received a statement through the mail March, 1917. The evidence shows the account was checked over by the parties in March or April, 1915, but no demand was made for any payment nor was any claim made that there was any balance due plaintiff at that time, although plaintiff's commissions were less than the money drawn by him. Afterwards when the account was again checked over, September, 1915, there is no evidence of any demand made for payment, nor is there a word of evidence that any claim was made that there was a balance due plaintiff. An itemized statement of February, 1916, appears in the record showing an overdraft which is the amount of plaintiff's claim, but there is no evidence that plaintiff demanded this sum be paid at that time, unless it might be inferred from the fact of mailing the statement. After this was received, however, defendant mailed a check for some merchandise which was included in the statement. If it could be held that this last statement might be construed as a demand for payment, defendant, by mailing the check, in effect refused to pay it, and having done so he was not called upon, when afterwards plaintiff mailed another statement, to again refuse to pay it in order to prevent an account stated.

We think it clear that there was no question of fact to be submitted to the jury as plaintiff contends, and the court did not err in directing the verdict, but on the contrary it was his duty to do so. There was no conflict in the testimony nor was it such that conflicting inferences might reasonably be drawn from it. Therefore, the verdict was properly directed. *St. Louis Nat. Stock Yards v. Wiggins Ferry Co.*, 102 Ill. 514.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE THOMSON and MR. JUSTICE TAYLOR concur.