Charles H. Eagle, Appellant, v. Andrew Hoffman, Appellee.

Gen. No. 34,312.

Heard in the first division of this court for the first district at the April term, 1930. Opinion filed June 30, 1930. Rehearing denied July 11, 1930.

JOHN H. ROSER, for appellant.

DAVID H. CAPLOW, for appellee; ALBERT G. ROSEN-BAUM, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit claiming that there was due him $602.91 for a balance due on a drawing account and expense money which according to the terms of a written agreement of employment defendant should have paid plaintiff. The trial court was of the opinion that the statement of claim did not state a good cause of action and struck the same. Plaintiff, choosing to abide by his statement, appeals from the judgment that he take nothing.

Defendant is engaged in the business of selling builders' hardware for buildings and plaintiff was employed to estimate and figure on hardware for such buildings. The pertinent portions of the contract of employment dated January 17, 1929, are as follows:

"Commissions to be fifty per cent of profits on all Finishing Hardware sold by you (plaintiff) after the overhead charge of twenty-five per cent has been added to the cost of the goods."

Credit Department of defendant to approve all orders submitted by plaintiff. Plaintiff was not responsible for any losses thus approved except that: "When losses do occur by failure of customer paying his account, the commission on that account will be lost to you."

Defendant was to take care of collections, but in case of dispute it would be the duty of plaintiff "to go out and adjust the matter."

The particular provisions in controversy are as follows:

"Commission will be paid in full every six months on all jobs that have been fully paid up, in the meantime you will have a drawing account which should not exceed the commission earned.

"The drawing account agreed upon to be ($35.00) Thirty-Five Dollars per week, and Five Dollars per week expense."

The position of defendant, which view seems to have been adopted by the trial court, was that it was neces-

sary for the plaintiff to show in his statement of claim the amount of commissions earned and that failure to make such an allegation was fatal. We do not agree with this construction. Similar provisions have been construed as an agreement to advance a definite amount whether or not any commissions were earned. *Nelson v. American Business Bureau,* 241 Ill. App. 432. Drawing account in such a contract means "payments made in anticipation of expected commissions." *Arbaugh v. Shockney,* 34 Ind. App. 268. But such payments are not to exceed the commissions earned. *Felsenthal Bros. & Co. v. Gradwohl,* 217 Ill. App. 170, is to the same effect.

Plaintiff in his statement of claim alleged that it was among his duties to call upon architects, contractors, engineers and other people engaged in the business of erecting buildings; that he was experienced in this kind of work as he had been in the same line for nearly 40 years and was competent and familiar with all the details required for furnishing buildings with hardware according to plans and specifications; that he had a wide and varied acquaintance among such builders; that in accordance with the contract he diligently figured on many buildings according to plans and specifications and called upon contractors and others interested in buildings in order to secure contracts and orders and did secure various contracts and orders for defendant; that during all this time he was diligently advertising and promoting the business of defendant. Plaintiff alleged that defendant violated his contract in that he failed to pay the drawing account provided for in the contract at a certain time specified in his statement of claim and for a time suspended the payment of the drawing account entirely. Said statement also alleged that defendant failed to pay the full amount of plaintiff's expense account as set forth in detail in said statement.

It would be unconscionable to suspend payment of plaintiff's drawing account while he was faithfully performing his obligations to the defendant when, as far as the record shows to the contrary, there might be ample commissions accruing to plaintiff within the immediate future. This was the view taken of a similar provision in *Levay v. Goldwasser*, 133 N. Y. S. 456, 457.

The provision in the contract that "when losses do occur by failure of customer paying his account, the commission on that account will be lost to you," is consistent with the construction that plaintiff was entitled to a drawing account regardless of commissions; otherwise this provision would deprive plaintiff of a drawing account and also his commissions through the fault of defendant's credit department in approving a customer whose credit was bad.

The statement further contained the allegation that defendant was indebted to plaintiff for expense money. This certainly stated a cause of action.

We hold that the motion to strike should have been denied and the judgment is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT, P. J., and O'CONNOR, J., concur.