(42 Misc. Rep. 206.)

### SCHLESINGER v. BURLAND et al.

(Supreme Court, Appellate Term. November 30, 1903.)

1. MASTER AND SERVANT—SALESMAN—AGREEMENT FOR ADVANCES—REPAYMENT OUT OF COMMISSIONS—COUNTERCLAIM.

An agreement for employment as a salesman for a certain commission, the employer to advance a certain sum monthly, which should be charged to and deducted from the commissions "computed at the end of the period of employment," which was indeterminate, does not, prior to the termination of the employment, form a basis for a counterclaim by the employer for advances in excess of the commissions earned.

2. SAME—PERSONAL LIABILITY—CONSTRUCTION OF CONTRACT.

A contract of employment as a salesman at a certain commission, the employer to "advance" the salesman a certain sum monthly, "said advances * * * to be charged and deducted from the commissions * * * computed at the end of the period of employment," does not create a personal liability on the part of the salesman to repay advances in excess of commissions earned.

Appeal from City Court of New York, Special Term.

Action by Max Schlesinger against Wolf Burland and another. From an order and judgment sustaining a demurrer to and dismissing defendants' counterclaim, they appeal. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Wasserman & Jacobus (Emmanuel Jacobus and I. Balch Louis, of counsel), for appellants.

Nichols, Joseph & Cahn (Geo. Edwin Joseph, of counsel), for respondent.

BISCHOFF, J. It is clear from defendants' brief that counsel have mistaken the plaintiff's cause of action. It was not to recover commissions alleged to have accrued under the agreement, but for two installments, of $250 each, due, respectively, February 1 and March 1, 1903, upon an agreement in writing, which, there being nothing to the contrary in the complaint or counterclaim, either by way of express allegation or intrinsic reference (Cragin v. Lovell, 88 N. Y. 258), must be deemed to have been continuing and undetermined. Such at least was the theory of the plaintiff's cause of action, and the situation was apparently unchanged at the time of the hearing and decision of the demurrer. By this agreement the defendants, copartners in business, assumed to employ the plaintiff as their traveling salesman for the period of one year, beginning on the 1st day of September,

1902; and, pursuant to the terms of that agreement, the plaintiff was to receive for his services 10 per centum of the gross amount of the sales effected by him, and the defendants were to "advance" him $250 monthly, besides his necessary traveling expenses. It was further thereby provided that "said advances and traveling expenses" should "be charged to and deducted from the commissions of" the plaintiff, "computed at the end of the period of employment." To the plaintiff's cause of action the defendants asserted a counterclaim of a sum alleged to have been advanced in excess of the amount of the plaintiff's commissions. Upon demurrer thereto for defect in substance, the counterclaim was dismissed.

A demurrer for insufficiency to new matter in the answer requires that such matter, as well as the matter alleged in the complaint, to which the answer is pointed, be taken as admitted. Douglass et al. v. Coonley et al., 156 N. Y. 521, 528, 51 N. E. 283, 66 Am. St. Rep. 580. Applying this rule to the state of the record before us, the conclusion of the court below is not well open to the charge of error. We may assume for the moment, agreeably to the contention of the defendants, that the advances made by the defendants were intended by both parties as a loan to the plaintiff, for the repayment of which he was personally bound; and it would remain that, by the terms of this very agreement, the loan was not to mature, or the money to be repaid, before the employment had come to an end. Without anything, therefore, to show that the agreement was determined by expiration of time or otherwise, it did not appear that the loan had matured, and that the amount thereof was payable; and so, clearly, it was not available to the defendants for the purposes for which it was pleaded at the time. No cause of action thereon had accrued.

But we are of the opinion that the advances were not intended as a loan to the plaintiff, and that it was not the intention of the contracting parties when the agreement was made that he should be personally bound for the repayment thereof, except to the extent of his commissions earned. Hence leave to the defendants to amend by alleging the end of the employment, if such is claimed to be the fact, could be of no avail to them. In its strictly etymological significance, the "advance" of money would not imply a loan. Century Dictionary, "Advance;" 1 Am. & Eng. Ency. of Law (2d Ed.) 757. We speak of an advance of wages and an advance of salary, yet no one would regard this as a loan of so much money to the employé, which he has promised or is expected to repay. Again, for the purposes of a joint adventure, one agrees to give his services, and the other to advance the capital required. No one would consider the former bound to repay the capital advanced out of his own means. Hence, without a promise to repay, express, or fairly to be implied from the agreement under which the advances were made, a promise to advance money for a particular purpose—as here, the furtherance of the defendant's business—does not import an expectation of its return personally by the person to whom the money was advanced. Unquestionably, it may have the meaning of a loan, if the verb is used in connection with a promise, express or implied, to repay the money. Upon an agreement somewhat like the one under discussion, it was held in Northwestern

Mutual Life Insurance Company v. Mooney, 108 N. Y. 118, 15 N. E. 303, that the particular meaning of the verb "advance" was to be ascertained with reference to the text in connection with which it was used, and that, unless the latter manifested an intention of repayment by him to whom the money was advanced, a promise to advance it did not import reliance upon the personal credit of the promisee, so as to constitute the latter the debtor of the promisor. Here, as in the case last above alluded to, we find no express promise by the plaintiff to repay the money advanced. The agreement does contain a provision to the effect that at the end of the period of employment the defendants should have resort for reimbursement to the plaintiff's accrued commissions, but it will not be seriously contended that this is a promise by the plaintiff to apply more than the amount of his commissions towards the repayment of the moneys advanced. In effect, the presence of the last-mentioned provision points to the mutual intention of the parties that the commissions should constitute a fund which alone should be resorted to for reimbursement of the advances. We are to give reasonable meaning, if possible, to every part of the agreement, rather than to hold a particular clause thereof wholly without import. Flanagan v. Fox, 6 Misc. Rep. 132, 26 N. Y. Supp. 48, affirmed 144 N. Y. 706, 39 N. E. 857. Without this provision for resort to the commissions, the defendants would have had the right to offset any indebtedness of the plaintiff to them. To say, therefore, that the provision did not mean more, would be equivalent to saying that it did not mean anything. In order to give reasonable effect to it, we are constrained to hold that the parties intended the commissions to be the sole means of reimbursement for advances, and this, of course, precludes the implication of any promise on the part of the plaintiff to be answerable for the amount of advances in excess of the amount of his commissions.

The order and judgment appealed from are affirmed, with costs. All concur.