### KUPFER v. HOLTZMANN.

#### (Supreme Court, Appellate Term. May 19, 1904.)

**1. CONTRACTS—BREACH—DAMAGES.**

Though a contract of employment for a certain term, whereby plaintiff was to make certain advances to defendant, who was to work for commissions, did not contemplate that defendant should incur liability for advances in excess of commissions earned, he was liable for such excess on quitting the employment before the term expired.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Henry Kupfer against Waldemar Holtzmann. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Cantor, Adams & McIntyre, for appellant.

Leo G. Rosenblatt, for respondent.

SCOTT, J. It may be conceded that the contract of employment did not contemplate that defendant should incur a personal liability to return the sums advanced to him unless he should earn enough in commissions to offset the advances. If, therefore, plaintiff had fulfilled his contract, no action could have been maintained against him to recover the excess of advances over commissions. Schlesinger v. Burland, 42

Misc. Rep. 206, 85 N. Y. Supp. 350. But defendant did not complete his contract, which was the consideration for the advances to him. His agreement was to give his services and devote all of his time and his best efforts to promote his employer's business interests until the end of his term of employment. This, whether from necessity or not, he failed to do, and by abandoning the business deprived himself of the opportunity of earning commission to offset against his drawings. It may well be that the season during which the advances were made was one in which small commissions were to be expected, and that the season following defendant's abandonment of his contract was one in which large commissions could probably be earned. In any event, the contract was an entire one, and when the defendant abandoned it he rescinded it in toto, disqualifying himself for repayment of the advances in the manner contemplated by the contract. Under such circumstances a personal judgment for the excess of advances over earned commission was proper.

Judgment affirmed, with costs. All concur.