HOLLENDER et al. v. FRIEDENBERG.

(Supreme Court, Special Term, New York County. October 8, 1908.)

EXECUTION—PROPERTY SUBJECT—"EARNINGS."

Where a salesman is employed on a commission basis, with a provision that he shall be allowed a drawing account of $60 per week for living expenses, to be deducted from any earnings on the commission basis, such installments, in the absence of a breach of contract by the employé, are "earnings," within Code Civ. Proc. § 1391, making earnings, to the extent of 10 per cent. thereof, subject to execution.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 3, pp. 2302–2304; vol. 8, p. 7646.]

Action by Barnett L. Hollender and another against Jacques S. Friedenberg. Defendant moves to vacate and set aside an execution against property. Motion denied.

George N. Boehm, for the motion.

Hollender, Bernheimer & Bernheimer, opposed.

GIEGERICH, J. This motion to vacate and set aside the execution issued on behalf of the plaintiffs against the defendant, and served upon the defendant's employers, is based upon the theory that the $60 a week which the employers paid the defendant is neither wages, earnings, nor salary within the meaning of section 1391 of the Code of Civil Procedure, which permits the appropriation of a portion not exceeding 10 per centum of such wages, earnings, or salary of the judgment debtor by the judgment creditor. The exact terms of the contract under which the defendant is rendering services are not set forth in the moving papers, nor does it appear whether the contract is oral or in writing; but one of the employers sets forth the situation in the following language:

"The said Friedenberg has never, while in the employ of our firm, received any salary or wages. He has been allowed, however, a drawing account, not to exceed $60 per week, for his living expenses, which is a loan by our firm to him, and is deducted by us from any moneys he may earn on the percentage basis above referred to [the percentage referred to being 7½ per cent. on all sales made by the defendant]."

Accepting this as an accurate statement of the relationship of the defendant with his employers, I must deny the motion. According to the authorities, a salesman employed on a commission basis, with a provision that he shall receive payments on account of anticipated commissions, whether such payments be called "advances" or a "drawing account," is under no obligation to repay such amounts, except out of commissions, and cannot be held personally liable in the event that the commissions fall short of the amount advanced. Nortwestern Mutual Life Ins. Co. v. Mooney, 108 N. Y. 118, 15 N. E. 303; Schlesinger v. Burland, 42 Misc. Rep. 206, 85 N. Y. Supp. 350; Kupfer v. Holtzman (Sup.) 88 N. Y. Supp. 362; Tausig v. Drucker (Sup.) 88 N. Y. Supp. 391. It may be that if the defendant should commit a breach of the contract he might be under personal liability to repay any deficiency; but it cannot be presumed that he will fail to perform his contract, and in any event, until such failure on his part, the installments advanced must be considered as earnings, and as his property, and subject to levy as provided in the statute above cited.

The motion should be denied, with $10 costs.