### LOBSITZ v. LEFFLER, THIELE & CO.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1910.)

MASTER AND SERVANT (§ 70*)—COMPENSATION OF SERVANT—CONSTRUCTION OF CONTRACT—"AGAINST."

Under a contract with a salesman, whereby for his services he was to receive $125 per month and certain commissions on his sales, and "against" such amount $50 was to be paid each week, the word "against" meant "towards," and the $50 was for paying the salary and commissions already earned, and without any intention that any part of it should be paid back.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 84, 85; Dec. Dig. § 70.*

For other definitions, see Words and Phrases, vol. 1, pp. 258, 259.]

Appeal from Special Term, Onondaga County.

Action by Isaac Lobsitz against Leffler, Thiele & Co. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

C. A. Hitchcock, for appellant.
William Rubin, for respondent.

WILLIAMS, J. The judgment should be affirmed, with costs. The action was brought to recover for services under a written contract, whereby the plaintiff was to act as the sales agent of the defendant in New York and New England states. The provision as to plaintiff's compensation was as follows:

"For your services you are to receive $125 per month and 2½ per cent. commissions on all accepted shipments up to $50,000; above $50,000, your

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

commission is to be 5 per cent. Against the above we are to send a check for $50 each week to Mrs. I. Lobsitz, 1616 So. State St., Syracuse, N. Y. * * * We are also to pay your traveling expenses at the rate of about $6 per day while you are on the road."

Under this contract and the renewal thereof the plaintiff continued to work from December 15, 1905, to September 7, 1907. The defendant sent the check for $50 every week until June 1, 1907, and then gave the notice of three months as required by the contract to terminate it. Concededly the plaintiff's $125 per month and commissions did not amount to $50 per week. Plaintiff seeks to recover the $50 per week from June 1 to September 7, 1907, while the defendant seeks to recover back the amount it claims it has overpaid on the contract.

The referee decided plaintiff was correct in his claim, and awarded judgment accordingly. His construction of the contract was that it in effect provided the defendant was to advance the $50 per week and traveling expenses, without any provision for repayment of any part of it; that the word "against" meant "towards," and the $50 was to be paid for the purpose of meeting, offsetting, and paying the salary and commissions already earned, and without any intention that any part of it should be paid back or applied to future earnings. In other words, the plaintiff was to be paid at least $50 per week for his salary and commissions. I had some difficulty in agreeing to these conclusions; but, after examining the cases referred to by the referee and by counsel, I think the referee was right.

In N. W. Mut. Life Ins. Co. v. Mooney, 108 N. Y. 119, 15 N. E. 303, where the agreement provided for the payment for services by commissions on the business done by the agent, and that for the first six months the company would advance to him $200 per month, which amount was to be expended in advancing the interests of the company, and was to remain a first lien upon the business and renewal interest secured to the agent, under his contract, until repaid, with interest at 7 per cent., the court held that no recovery back of any part of the $200 could be had from the agent; that it was chargeable against his commissions, but not against him personally, so as to render the sureties upon his bond liable therefor.

In Hollender v. Friedenberg, 60 Misc. Rep. 566, 112 N. Y. Supp. 467, the agent was to be paid by commissions and had a drawing account of $60 per week, to be deducted from the commissions earned, and it was held there was no obligation to pay back any part of the $60, except out of the commissions. The agent was not personally liable if the commissions fell short of the moneys advanced.

In Wolfsheimer v. Frankel, 130 App. Div. 853, 115 N. Y. Supp. 958, the agent was to be paid by commissions, and $350 per month was advanced, besides his traveling expenses, all of which was to be charged to his commission account, and it was held that there was no personal liability by the agent to repay the moneys so advanced if the commissions should not equal the amounts so paid to him.

In Durante v. Raimon, 136 App. Div. 448, 120 N. Y. Supp. 881, the agent was to be paid by commissions, and was allowed to draw $60 per week, the balance of commissions over and above that amount, if any, to be paid at the end of the term, and it was held there was a

right to the $60 weekly payment, and no obligation to pay back any part of it.

These cases are not entirely like the one we are here considering, but the principle involved is practically the same in all—the right to receive the weekly or monthly payment during the term, and no personal obligation to pay back any part of it. That principle is applicable here, and entitled the plaintiff to recover the amount unpaid of the $50 per week until the contract ended, which was September 6, 1907, and the defendant could not set off any deficiency in commissions to equal the amount so paid over. All concur.