(86 Misc. Rep. 58)

### BARTSCH v. WOODS.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

CONTRACTS (§ 229*)—CONSTRUCTION.

A contract whereby plaintiff granted defendant the right to produce a certain opera, providing that defendant should pay him $1,000, to belong to plaintiff whether the opera was performed or not, and that if defendant should fail to produce it before April 1, 1913, he should pay plaintiff a further sum of $1,000 as advance royalty, and have the date for production extended to November 1, 1913, did not give the defendant an option for an extended right upon payment of the second $1,000, but, where he failed to produce the play prior to April 1, 1913, absolutely bound him to pay the second $1,000.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1045–1057, 1059–1066, 1070, 1077; Dec. Dig. § 229.*]

Appeal from City Court of New York, Trial Term.

Action by Hans Bartsch against Al. H. Woods. Judgment for defendant, and plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Ernst, Lowenstein & Cane, of New York City (Melville H. Cane, of New York City, of counsel), for appellant.

Henry J. & Frederick E. Goldsmith, for respondent.

BIJUR, J. There was no dispute as to the facts, the trial involving merely the interpretation of an agreement between the parties. Plaintiff, called the the "proprietor," thereunder granted to defendant, denominated "manager," the right to produce a certain play. The agreement was dated September 20, 1912. Clause 6 provided that the manager should pay $1,000 on or before the making of the contract, receipt whereof was acknowledged, "as an additional consideration for the making of this agreement, which sum shall be considered as an advance upon royalties. * * * Said sum, however, shall belong absolutely to the proprietor, whether the royalties under this agreement reach said sum or not, or whether * * * said operetta is performed * * * or not." Under the seventh clause the manager agrees to produce the play prior to April 1, 1913, and to give ten weeks of performances during that season. Then follows this provision:

"In the event that the manager shall fail to produce the said opera before April 1, 1913, then the manager agrees to forthwith pay to the proprietor a further sum of one thousand ($1000.00) dollars as advance royalties, and said date for production shall be extended to November 1, 1913, and in this event the manager agrees to continue the public performances and representations

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the American version of the said operetta for at least ten weeks during the theatrical season 1913–14."

The manager having failed to produce the play prior to April 1, 1913, this action was brought for the second payment of $1,000. The learned judge below seemed to be of opinion that because the second $1,000 was denominated "as advance royalties," and because there was no provision, as in the sixth clause, "that the said sum should belong to the proprietor absolutely," etc., the meaning of the seventh clause was that the manager should have an option, if he so desired, to reserve to himself the continued rights to the play, and thus be able to produce it during the next theatrical season on payment of the second $1,000. In this view I do not concur.

The requirement that the second $1,000 be paid is absolute. The fact that it is denominated "advance royalties" indicates to my mind merely that this sum, as well as the first payment of $1,000, was to be deducted from the royalties when earned, but that proviso in no wise militated against the absoluteness of the promise of the manager to pay. In this respect I think the agreement signed is on all fours with that common form of agreement in cases involving the employment of an agent or salesman, to whom it is frequently provided that there shall be "advanced" a weekly sum for a definite period, the sum to be deducted from the commissions earned. The employer must pay the "advance," leaving repayment to the contingency of the earning of commissions. Schlesinger v. Burland, 42 Misc. Rep. 206, 85 N. Y. Supp. 350; Lobsitz v. Leffler, 140 App. Div. 14, 124 N. Y. Supp. 533.

Nor do I think that the omission to repeat in clause 7 the language of clause 6, that the sum should belong to the proprietor whether performances were given or not, is sufficiently significant to be entitled to any weight, in view of the precision with which the obligation to pay is expressed.

*Judgment reversed, with costs, and judgment directed for the plaintiff, with costs. All concur.