NORMAN MARKSTEIN, Appellant, *v.* M. UFLAND & Co., INC., Respondent.

Supreme Court, Appellate Term, First Department, March 4, 1926.

Master and servant — wages and other remuneration — plaintiff was employed by defendant as salesman under written contract by which defendant agreed to " advance reasonable travelling expenses " plus $100 per week while plaintiff was on road — said advances were to be charged against drawing account — covenant to pay weekly drawing account to be charged to commissions is absolute promise to advance. stated sum each week irrespective of amount of commissions earned — plaintiff not required to repay excess of advances in absence of agreement — plaintiff entitled to recover drawing account after discharge without cause — reversible error to exclude parol evidence that item of $500 was given for entertainment of customers.

A covenant to pay a weekly drawing account to be charged to commissions to be earned is an absolute promise to advance the stated sum each week during the life of the contract, irrespective of the amount of the commissions earned. A salesman is not a debtor to his principal for the deficiency of his commissions and the drawing account is only to be offset against commissions actually earned, unless the servant expressly, or by clear implication, agrees to repay the excess of advances.

Accordingly, in an action to recover a drawing account for the five remaining weeks of plaintiff's written contract of employment as defendant's salesman, by which defendant agreed to " advance reasonable travelling expenses " while plaintiff was on the road as a salesman, plus $100 per week " to be charged against commission account," the plaintiff, having been discharged without cause or justification, was entitled to the advance of $100 per week, though his earned commissions were less, and it was reversible error to exclude plaintiff's evidence that an item of $500 charged to plaintiff as an advance was given to him by defendant for the specific use of entertaining customers, for the reason that the words " weekly drawings " and " travelling expenses " are sufficiently indefinite and general to permit parol evidence to determine whether or not expression was given at the time of employment as to what expenditures it was contemplated by the parties were to be borne by the plaintiff out of his allowance. Moreover, it was for the jury to determine whether or not the moneys as claimed by plaintiff which otherwise would defeat plaintiff's claim were given for the entertainment of customers.

Appellate Term, First Department, March, 1926.    [Vol. 126

Appeal by plaintiff from a judgment of the Municipal Court, Borough of Manhattan, Seventh District, rendered in favor of the defendant.

*Alexander Bernardik*, for the appellant.

*Stern & Marks* [*Samuel Marks* of counsel], for the respondent.

Wagner, J. The plaintiff was employed by the defendant as a salesman for a period of six months under a written contract by which defendant agreed to " advance reasonable travelling expenses while plaintiff was on the road and in addition to advance $100 per week. Travelling expenses and weekly drawings are to be charged against commission account." Five weeks prior to the expiration of the employment plaintiff was discharged without cause or justification. Asserting that he had not been paid his drawing account for the five remaining weeks of his contract he instituted this action to recover $500. The defendant's answer averred that plaintiff had been paid all that was due him. It is the law that a covenant to pay a weekly drawing account to be charged to commissions to be earned is an absolute promise to advance the stated sum each week during the life of the contract irrespective of the amount of the commissions earned. (*Miller v. Blaisdell Machinery Co.*, 83 Misc. 35; *Lobsitz v. Leffler, Thiele & Co.*, 140 App. Div. 14.) A salesman is not a debtor to his principal for the deficiency of his commissions and the drawing account is only to be offset against commissions actually earned (*North-Western Mut. Life Ins. Co. v. Mooney*, 108 N. Y. 118), unless expressly or by clear implication the plaintiff agrees to repay the excess of advances. Here the agreement contains no such provision. Consequently, plaintiff is entitled to the advance of $100 per week though his earned commissions are less. To establish the defense of payment the defendant proved the receipt by plaintiff during the twenty-one weeks of actual employment the sum of $2,700. Unexplained, this sum is more than plaintiff was entitled to as advances under his contract. He offered evidence to establish that a portion of money included in the $2,700 was given to be expended in the entertainment of customers and not as an advance under his agreement. The trial court excluded this proffered explanation and holding the view that defendant had conclusively substantiated payment directed, upon motion, a verdict for defendant. The court was, we think, in error when it excluded plaintiff's evidence that a sum of $500 charged to him as an advance was given to him by defendant for the specific use of entertaining customers. It is claimed that such an expenditure was to be borne by plaintiff out of his weekly advance payments. Interpreting the words " weekly

drawings " and " travelling expenses " in accordance with their plain and commonly accepted meaning, entertainment expenses would not be included within either. However, evidence may be offered of an established custom that such expenditures, if made, come out of the weekly drawings. Again, we think the words are sufficiently indefinite and general to permit the introduction of parol evidence if expression was given at the time of employment as to what expenditures it was contemplated by the parties were to be borne by the salesman out of his allowances. Thus, a question of fact would be presented for determination by a jury as to whether the moneys as claimed by plaintiff which otherwise would defeat plaintiff's claim were given for entertainment of tradesmen. Again, if evidence of a custom is offered and denied the question would arise as to its existence, and a further aspect may be presented for jury's determination, namely, as to whether it was within the contemplation of the parties that entertainment expenditures were to be borne by plaintiff under his employment contract. Because of the prejudicial erroneous exclusion of plaintiff's proffered evidence as to the specific directions to spend certain moneys for entertainment, the judgment is reversed and new trial ordered.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, WAGNER, LYDON and LEVY, JJ.