EDUCATIONAL FILMS CORPORATION OF AMERICA, Plaintiff, *v.* INTERNATIONAL FILM SERVICE COMPANY, INC., Defendant.

Supreme Court, New York County, February 17, 1927.

Contracts — construction — plaintiff in return for exclusive sale right of films agreed to advance specific sum weekly to defendant — parties agreed to divide " net profits " with right in plaintiff to retain defendant's share until reimbursed — plaintiff entitled to recover sums advanced only out of defendant's share of profits — complaint, alleging money was loaned, insufficient.

A contract, whereby the plaintiff was to sell and exhibit motion picture films manufactured by defendant for a term of years and in return for the exclusive sales right therein plaintiff agreed to advance to defendant a designated sum weekly, and from the profits of the sale and distribution of the films divide the " net profits " between the parties with the right in plaintiff to retain defendant's share until plaintiff reimbursed itself for the sum advanced, must be construed as an agreement on plaintiff's part to advance to defendant a definite sum each week to be repaid only out of defendant's share of the sum derived as the result of plaintiff's exploitation; since the moneys advanced were in no wise loans, the first cause of action in plaintiff's complaint for the unpaid amount of moneys " duly advanced and loaned," must be dismissed for insufficiency, for it is contrary to the terms of the agreement.

MOTION by defendant under rule 106 of the Rules of Civil Practice to dismiss " the first cause of action " in the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Herman Goldman,* for the plaintiff.

*Konta, Kirchwey & Engel,* for the defendant.

GIBBS, J. The complaint alleges that plaintiff and defendant entered into a contract whereby plaintiff " duly advanced and loaned " to defendant between particular dates the sum of $35,500; that plaintiff retained from defendant's share of the net profits of the business referred to in the agreement the sum of $14,228.45, leaving a balance of $21,271.55 unpaid, which sum plaintiff seeks to recover. The contract, made a part of the complaint, is an agreement between a producer and a distributor providing for the

production and manufacture by the defendant of motion picture films and the sale, exploitation, distribution and exhibition thereof by plaintiff for a term of five years. The proceeds derived from the sale or distribution of the films were to be divided between the parties to the agreement after the payment of specific obligations in the proportion stated therein. The contract further provides that plaintiff agreed " to advance to [defendant] against [defendant's] share of the net profits as hereinafter defined " a sum of money each week so long as defendant delivered one negative per week as provided for in the contract. The 7th paragraph of the agreement provides that from the moneys arising from the distribution of the films and payable to the defendant the plaintiff was authorized to retain until the plaintiff should have reimbursed itself the advances made pursuant to the contract. Defendant urges that the contract herein does not impose a personal liability upon defendant for the excess of advances made by plaintiff over and above the reimbursement received by plaintiff for defendant's share of the net profits and that plaintiff can only recover back the sums advanced out of the defendant's share of the profits. Counsel for defendant contends that the rule of law relating to advances by an employer to an employee applies with equal force to the case at bar. Plaintiff urges that it stands in the position of a factor to defendant and that it is entitled to recover the damages alleged if the share of the defendant's profits is not sufficient to cover the advancements. The allegation in the complaint that plaintiff " * * * loaned to the defendant the sum of $35,500," is a conclusion and contrary to the terms of the agreement. The rights and liabilities of the parties must be determined from the provisions of the contract. It gave the plaintiff " the sole and exclusive license " to exhibit, exploit and distribute the moving picture films referred to in the agreement for a definite term. In return therefor plaintiff agreed to " advance " the sum of $1,250 (but later reduced to $1,000) each week and from the proceeds realized from the sale, lease or distribution of the films certain obligations were first to be paid and the " net profits " thereafter divided between plaintiff and defendant, the former being privileged to retain defendant's share until it " shall have reimbursed itself to the extent of the sums advanced." This language is unambiguous and unequivocal. It can be interpreted in no other wise than that plaintiff was to advance to defendant a definite sum each week to be repaid only out of the defendant's share of the sums derived as the result of plaintiff's exploitation. It is not different from the arrangement between a salesman and his employer whereby the latter advances sums to the former to be charged against commis-

sions earned. (*Markstein* v. *Ufland & Co., Inc.*, 126 Misc. 683; *Zuby* v. *Height*, 188 N. Y. Supp. 88; *Strauss* v. *Wolfsohn Co.*, 95 Misc. 171; *Northwestern Mutual Life Insurance Co.* v. *Mooney*, 108 N. Y. 118; *Lobsitz* v. *Leffler, Thiele & Co.*, 140 App. Div. 14.) In all the foregoing cases, as in the case at bar, there appeared the absence of any agreement creating a personal liability to repay the " advances " if the earnings of the party sought to be charged were insufficient to satisfy the claim.

The case of *Bartsch* v. *Woods* (86 Misc. 58) is similar to the case at bar. In that case a contract between a theatrical manager and the proprietor of a play provided that the manager should pay $1,000 on signing the contract " as an advance upon royalties " to " belong absolutely to the proprietor whether the royalties under this agreement reach said sum or not * * *." It further provided that if the play were not produced before the date specified the manager would pay a further sum of $1,000 " as advance royalties " and the date of the production would be extended. Mr. Justice BIJUR writing for the court construing the agreement said: " The requirement that the second $1,000 be paid is absolute. The fact that it is denominated ' advance royalties' indicates to my mind merely that this sum, as well as the first payment of $1,000, was to be deducted from the royalties when earned, but that proviso in nowise militated against the absoluteness of the promise of the manager to pay. In this respect I think the agreement signed is on all fours with that common form of agreement in cases involving the employment of an agent or salesman, to whom it is frequently provided that there shall be ' advanced ' a weekly sum for a definite period, the sum to be deducted from the commissions earned. The employer must pay the ' advance' leaving repayment to the contingency of the earning of commissions." (Citing *Schlesinger* v. *Burland*, 42 Misc. 206; *Lobsitz* v. *Leffler, Thiele & Co.*, 140 App. Div. 14.)

It is clear that the reasoning applied to the *Bartsch* case is equally cogent in the present case. The advancements were absolute, repayment thereof was conditioned upon defendant's share of the proceeds being sufficient to reimburse the plaintiff. They were in no wise " loans."

Under the contract I conclude that the complaint does not state facts sufficient to constitute the first cause of action. Motion to dismiss the first cause of action granted. Settle order.