CHARLES TRESHMAN, Respondent, *v.* REPUBLICAN PUBLISHING COMPANY, Appellant.

First Department, March 22, 1946.

*Robert E. Curran* for appellant.

*Hyman R. Friedman* of counsel (*Friedman & Friedman*, attorneys), for respondent.

Dore, J.   Defendant appeals from a judgment for $16,838.05 entered on a jury's verdict in plaintiff's favor after a trial.

Plaintiff claimed defendant orally agreed in 1940 to pay plaintiff 5% commission on any bills sent out for magazine printing procured by plaintiff and that such billings amounted to a quarter of a million dollars.   Defendant contended that the 5% commission was only on bills actually paid for such printing.   In connection with an examination of defendant before trial, plaintiff had procured at Special Term an order striking out defendant's denials of damages and providing that plaintiff was entitled to damages of 5% on $250,000 of *billings*, less $113.13 admittedly paid, or $12,386.37 " in the event of * * * proof of the other paragraphs of the * * * complaint."   The issues remaining for trial were thus limited by the order procured before trial to proof of the following contested allegations: " 2. That in or about February, 1940, the defendant promised plaintiff that if plaintiff should thereafter introduce to or submit to the defendant any persons through or from whom, directly or indirectly, the defendant received any magazine printing or binding business, that then the defendant would pay the plaintiff therefor (1) a 5% commission upon all billings for the original business so

procured, and (2) 5% commission on all billings for all further business done by the defendant on such magazine, and (3) a 5% commission on all billings for all further business done by the defendant on any other magazines published, directly or indirectly, by said persons or in whose publishing said persons had any share or interest.''

Although his claim was based upon billings alone and not upon payment, plaintiff's counsel in his opening to the jury stated he would go further and show that defendant had been paid for the work on the chief account procured by plaintiff. Defendant at once objected and stated its unreadiness, in view of the allegations of the complaint, to meet the issue of payment. The court received a great amount of evidence concerning the alleged payment of the printing bills, but at the close of the case struck it all out and submitted to the jury the issue originally raised, namely, whether the agreement was 5% on *billings* alone or 5% on the *bills actually paid*, and the jury found for plaintiff.

We think the judgment is erroneous and must be reversed. The irrelevant evidence as to payments consumed a considerable part of the trial and although ultimately stricken out, was so presented that it was seriously prejudicial to defendant.

The trial court also charged that plaintiff must prove that the agreement was '' substantially '' as claimed by him and refused to charge at defendant's request that plaintiff must establish the agreement as alleged in the complaint. The action was in contract not tort and, especially where as here the damages had been predetermined, the jury should have been charged that plaintiff must establish the contract as alleged. Plaintiff's testimony in that respect was in part inconsistent and contradictory of the complete contract as alleged in the complaint.

Plaintiff admitted that all commissions he received were only on bills actually paid; this is indicated by correspondence between the parties; and between 1940 and 1943 when the payments were being made, plaintiff made no written protest. On the whole record we think the verdict is against the weight of the credible evidence.

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., and GLENNON, J., concur; TOWNLEY and COHN, JJ., dissent and vote to affirm.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.