Dore, J.
Defendant appeals from (1) a judgment entered in plaintiff’s favor for $6,149.19 after trial before the court and a jury, and (2) from an order denying defendant’s motion for a new trial.
The. complaint sets forth a first cause of action solely for the alleged breach of an oral contract for commissions on sales made to defendant’s customers procured by plaintiff and a second cause of action in quantum meruit for such sales. ' In the verified complaint, plaintiff expressly alleged that defendant agreed to allow plaintiff a drawing account of $50 a week “ chargeable against his commissions ” and the suit was brought for a claimed balance of commissions in excess of the *437 amount received on the drawing account. In his verified bill of particulars plaintiff again stated the contract was for 5% commissions with $50 a week as a drawing account chargeable against commissions and asserted that the balance due was $3,166.51.
At trial, over defendant’s repeated objections and exceptions, plaintiff was permitted to recover on a cause of action and theory completely at variance with his pleadings. Plaintiff then for the first time claimed a salary of $50 a week not chargeable against but in addition to commissions on sales. The fixed salary asserted at trial was based upon another alleged oral agreement to pay plaintiff a fixed salary of $50 a week or $5,200 for two years’ claimed “ work ” on an invention which is not mentioned in the complaint or the bill. No motion was made to amend the pleadings dr conform the pleadings to the proof.
At close of trial after both sides had rested, plaintiff was permitted to reopen and his attorney personally took the stand and testified to a computation he had prepared allegedly based upon defendant’s .ledger sheets in evidence in which the total commission claimed was $6,103.45. Credits on the drawing account as alleged in the complaint were eliminated; the amount claimed in the bill of particulars, $3,166.51, was entirely ignored, as were any credits to customers, shipping and other charges shown on the ledgers. Thereupon, the trial court refused to permit defendant to reopen to answer this testimony and to show through a certified public accountant that the defendant’s ledger sheets on which plaintiff’s computation was claimed to be based indicated numerous credits and other charges on which no commission could possibly be due. The jury apparently completely accepted the computation in plaintiff’s exhibit.
In charging the jury the trial court gave three specific examples of possible verdicts and in each case instructed the jury to add the claimed additional $5,200 salary to the commissions in computing the verdict. In every such instance the court assumed the drawing account was not chargeable, as plaintiff had alleged in his complaint, against commissions but was deductible only from the combined total of fixed salary and commissions. The charge also ignored the unamended bill of particulars which claimed only $3,166.51, as the balance due.
These instructions were erroneous and require reversal of the judgment (Treshman v. Republican Pub. Co., 270 App. Div. 505 [1st Dept. 1946]).
*438 We think, too, that the verdict in plaintiff’s favor is in part against the evidence and is clearly against the weight of the credible evidence. This is indicated by the wholly unexplained and fatal variance between plaintiff’s sworn complaint and bill of particulars and his completely different testimony at the trial raising for the first time- the claimed fixed salary of $50 a week .for work done on an invention. The testimony on the salary claim was discredited by introduction in evidence of a written contract between defendant, plaintiff and another relating to the invention, in which no mention whatever is made of any salary to be paid to plaintiff but which requires defendant to make certain lump sum payments, which concededly were made. Plaintiff in his direct examination offered no proof whatever of any “ work ” that he did in connection with the invention and it was only on cross-examination that he claimed generally that he worked on the invention “ for one year.” He also testified that he had given 100% of his time during the period in question “ to the selling business ” of defendant.
In addition, the jury’s verdict in plaintiff’s favor for $5,828.45 is, apart from speculation and mere guess, without adequate basis in the record. Plaintiff failed to adduce satisfactory proof that he was responsible for the additional sales on which his claimed commissions were based, at least to the extent of the verdict allowed.
The proof did show that plaintiff, between April, 1943, and April, 1945, was employed by defendant to sell its products on a commission basis. Both parties agree that the contract was terminated in April, 1945. Both complaint and answer agree that the employment was on a commission basis. Defendant says it was a commission of varying amounts on all net sales actually consummated by plaintiff. The complaint alleges that it was a straight 5% commission on all sales to customers introduced or procured by plaintiff irrespective of whether actual sales were consummated or actual orders brought in by plaintiff personally. Both agree that plaintiff was not to solicit orders from customers with whom defendant was already doing business. The record also showed that defendant had paid to plaintiff $1,225, in amounts of $50 designated as salary, $4,250 designated as commissions, totalling $5,475, plus a loan of $200 which plaintiff had not repaid. Seventy-four checks drawn to plaintiff’s order during the period in question and indorsed by him contained the legends “ commission ” or “ commissions ” or “ commission adv.”
*439 Plaintiff’s attorney-witness admitted that he had not taken into account any credits on his computation. The jury should not have been permitted to compute commissions on figures of total sales which included shipping and other charges and made no allowance for any credits whatever.
We think the counterclaim was properly dismissed. In the absence of an agreement to repay the excess of a drawing-account over and above commissions earned, an employer cannot recover such excess from the employee (Pease Piano Co. v. Taylor, 197 App. Div. 468, 471 [1st Dept. 1921], affd. 232 N. Y. 504; Garter v. Bradlee, 245 App. Div. 49, 52, affd. 269 N. Y. 664). While the answer alleged such an agreement, no evidence was adduced to support it.
At trial defendant amended the answer to set up the one-year Statute of Frauds against the oral contract alleged. In its answer before amendment defendant had alleged that the contract was for an indefinite period, “ terminable at will.” Although in his reply plaintiff denied this allegation, the proof indicates that both parties recognized the contract was terminable at will. It has been repeatedly held that the statute does not apply to a contract which, in consistence with its terms, may be performed within one year (Blake v. Voight, 134 N. Y. 69, 73; Elsfelder v. Cournand, 270 App. Div. 162, 164 [1st Dept. 1945]); and on this record the contract is free from the restraint of the statute.
The judgment, and the order so far as appealed from, should be reversed, with costs to the appellant and a new trial granted.
Mastín, P. J., Cohn, Callahan and Peck, JJ., concur.
Judgment, and the order so far as appealed from, unanimously reversed, with costs to the appellant and a new trial granted.