## OLSEN v. ARABIAN AMERICAN OIL CO.
### No. 80, Docket 22144.

United States Court of Appeals
Second Circuit.

Argued Jan. 16, 1952.

Decided Feb. 13, 1952.

Sorensen & Miller, Lake Ronkonkoma, N. Y. (John P. Cohalan, Jr., New York City, and William R. Miller, Lake Ronkonkoma, of counsel), for plaintiff-appellant.

Louis F. Huttenlocher, New York City (Louis F. Huttenlocher and Thomas F. Barry, New York City, of counsel), for defendant appellee.

Before AUGUSTUS N. HAND and CLARK, Circuit Judges, and BRENNAN, District Judge.

AUGUSTUS N. HAND, Circuit Judge.

This appeal is taken from an order of the District Court dismissing the complaint in an action for an alleged breach of contract on the part of the defendant, and from the judgment entered thereon. The facts as found by the District Judge were as follows: On October 15, 1947, the plaintiff Robert B. Olsen entered into a contract with the defendant Arabian American Oil Company, whereby Olsen was to serve the Company as an airplane pilot for the latter's privately operated aircraft in Saudi Arabia for a period of thirty months. The contract of employment provided, *inter alia*, that:

"The Company reserves the right to terminate your services at any time in any of the circumstances described hereunder:

"(a) You will be summarily dismissed, without notice and without return transportation and traveling expenses, for conduct which, in the opinion of the Management, would be detrimental to the best interests of the Company, for wilful neglect of duties, or for non-compliance with regulations;

"(b) The Company may terminate your services for any other reason after departure from the continental United States upon payment of minimum return transportation and traveling expenses, salary for normal travel time to place of recruitment and upon payment of a sum equivalent to a minimum of four weeks' basic salary * * *."

On July 5, 1948, after performance had begun, Olsen was discharged by the Company pursuant to clause (b) of the contract above quoted and was paid his traveling expenses plus four weeks' salary. The complaint alleged that the discharge was in violation of the contract and the plaintiff offered to prove that he was discharged solely because he had complained to his superiors that the maintenance and navigation of the defendant's airplanes violated the regulations and requirements of the Civil Aeronautics Board, was not for good cause and hence was in violation of the contract.

■■ The decision of the court below involved no disputed issues of fact. The sole question presented was one of interpreting clause (b) of the contract, a fair reading of which established the defendant's right to discharge the plaintiff for any reason whether good or bad. Clause (a) set forth conditions which would support a discharge for good cause; clause (b), immediately following, literally means that the Company was reserving the additional right to discharge Olsen for any reason whatsoever, whether good or bad. We cannot see that it should be given any other meaning on any sound theory. Our interpretation is supported by reference to the employment application filed with the Company by Olsen, the last clause of which reads as follows: "Should I be given employment by you * * * I hereby agree that such employment may be terminated by you at any time, without liability to me for wages or salary except such as may have been earned at the date of such termination."

While the language of the employment application was not incorporated in the final contract, it is proper to refer thereto for the purpose of clarifying the parties' intention as expressed in the final agreement. It at least indicates that the plaintiff by obtaining clause (b) in his final agreement and a penalty payment of four weeks basic salary got a better bargain than he originally applied for.

■ Nor does the New York law, which the parties appear to have stipulated as controlling, require a different conclusion. In Moran v. Standard Oil Co. of New York, 211 N.Y. 187, 105 N.E. 217, the holding was simply that the defendant's obligation to perform the contract in good faith, though unexpressed in writing, would be implied to save the agreement from lack of mutuality. But the contract between Olsen and the Company did not suffer from such a defect even though clause (b) be interpreted as giving the Company the right to terminate the agreement at any time, for the Company was required to pay

an additional consideration for the exercise of that option, *i. e.,* Olsen's traveling expenses and four weeks' salary, whereas, under clause (a), the Company could discharge Olsen for good cause without any additional payment. Clause (b) could also be construed simply as providing for liquidated damages payable to Olsen should there be a breach of the contract on the part of the Company. However that may be, the contract before us here is on all fours with the employment contract in the case of Twentieth Century-Fox Film Corp. v. Screen Pub. Guild, Local No. 114, Sup., 78 N.Y.S.2d 178, where the court upheld the employer's option to terminate the contract at any time upon payment of the specified penalty. The New York Court of Appeals reached the same result in Crawford v. Mail & Express Co., 163 N.Y. 404, 57 N.E. 616, where the contract provided for discharge upon one week's notice. See also 3 Corbin, Contracts § 647 (1951). The contract in the case of Carter v. Bradlee, 245 App.Div. 49, 280 N.Y.S. 368, is distinguishable in that there the employer's option could be exercised without any penalty payment and the contract would have lacked mutuality had the court not read into the agreement the requirement that the discharge be for good cause alone.

For the above reasons the order and judgment appealed from are affirmed.