an additional consideration for the exercise of that option, *i. e.;* Olsen's traveling expenses and four weeks' salary, whereas, under clause (a), the Company could discharge Olsen for good cause without any additional payment. Clause (b) could also be construed simply as providing for liquidated damages payable to Olsen should there be a breach of the contract on the part of the Company. However that may be, the contract before us here is on all fours with the employment contract in the case of Twentieth Century-Fox Film Corp. v. Screen Pub. Guild, Local No. 114, Sup., 78 N.Y.S.2d 178, where the court upheld the employer's option to terminate the contract at any time upon payment of the specified penalty. The New York Court of Appeals reached the same result in Crawford v. Mail & Express Co., 163 N.Y. 404, 57 N.E. 616, where the contract provided for discharge upon one week's notice. See also 3 Corbin, Contracts § 647 (1951). The contract in the case of Carter v. Bradlee, 245 App.Div. 49, 280 N.Y.S. 368, is distinguishable in that there the employer's option could be exercised without any penalty payment and the contract would have lacked mutuality had the court not read into the agreement the requirement that the discharge be for good cause alone.

For the above reasons the order and judgment appealed from are affirmed.

Sorensen & Miller, Lake Ronkonkoma, N. Y. (John P. Cohalan, Jr., New York City and William R. Miller, Lake Ronkonkoma, N. Y., of counsel), for plaintiff-appellant.

Louis F. Huttenlocher, New York City (Louis F. Huttenlocher and Thomas F. Barry, New York City, of counsel), for defendant-appellee.

Before AUGUSTUS N. HAND and CLARK, Circuit Judges, and BRENNAN, District Judge.

PER CURIAM.

For the reasons stated in the opinion in Olsen v. Arabian American Oil Company, 2 Cir., 194 F.2d 477, handed down herewith, the order and judgment appealed from are affirmed.

Cyril B. ALWINE, Jr., Plaintiff-Appellant, v. ARABIAN AMERICAN OIL CO., Defendant-Appellee.

No. 81, Docket 22145.

United States Court of Appeals Second Circuit.

Argued Jan. 16, 1952.

Decided Feb. 13, 1952.

WIEGAND et al. v. COMMISSIONER OF INTERNAL REVENUE.

Nos. 10226–10234.

United States Court of Appeals Third Circuit.

Argued May 8, 1951.

Reargued Dec. 7, 1951.

Decided Feb. 13, 1952.

