NATIONWIDE MUTUAL INSURANCE COMPANY et al., Appellants, v. PETER K. TIMON, Respondent. NATIONWIDE MUTUAL INSURANCE COMPANY et al., Appellants, v. JOSEPH A. DIGIORE, JR., Respondent. NATIONWIDE MUTUAL INSURANCE COMPANY et al., Appellants, v. SAMUEL A. TULIPANE, Respondent.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: The defendants were insurance agents employed by the plaintiffs on a commission basis. They applied by letter to the plaintiffs to be placed upon a career plan under which they would be permitted to draw weekly advances against commissions to be earned. In the letter, they agreed to repay upon request any excess of advances over commissions. Contemporaneously or subsequently, the defendants entered into formal general agent's agreements, which specified the basis upon which commissions would be computed but which said nothing about advances. In these actions to recover the excess of advances over commissions, the trial court excluded the letter agreements from evidence upon the ground that their admission would violate the parol evidence rule. This necessarily resulted in the dismissal of the complaints since the letter agreements constituted the sole evidence of an agreement to repay the advances and, under the settled law, no recovery can be had for the excess of advances over commissions in the absence of an agreement, express or implied, by the agent or employee to repay such excess (*Carter* v. *Bradlee,* 245 App. Div. 49, affd. 269 N. Y. 664; *Kleinfeld* v. *Roburn Agencies,* 270 App. Div. 509, 511; 2 New York Juris, Agency, § 215). The trial court's ruling was erroneous. There was no inconsistency between the letter agreement and any of the provisions of the agent's agreement. Presumably, not all agents were eligible for the career plan and not all agents wished to be placed on the plan or to continue on it throughout their agency; hence the provisions of the letter agreements as to advances were not incorporated in the agent's agreements. The letter agreements were collateral agreements, wholly independent of the other agreements (*Mitchill* v. *Lath,* 247 N. Y. 377; *Fogelson* v. *Rackfay Constr. Co.,* 300 N. Y. 334; Restatement, Contracts, § 240; 3 Williston, Contracts [rev. ed.], §§ 637, 642, 646). The parol evidence rule did not bar their admission. All concur. (Appeal from a judgment of Erie Trial Term dismissing the complaints as to the respective defendants, on motions by defendants at the close of plaintiffs' case in an action to recover money advanced on agents' drawing accounts.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.