VAN GRAAFEILAND, Circuit Judge:
 

 On March 1, 1974, Robert Sherman became a general agent selling life insurance on commission for appellant, Knights of Columbus. The agency contract was terminated in June 1976, and in March 1977 Sherman filed a petition in bankruptcy. In his bankruptcy schedules, he listed a $22,-494.40 indebtedness to appellant for advances made against commissions. The question on this appeal is whether, Sherman’s bankruptcy notwithstanding, appellant could deduct the amount of these advances from renewal commissions subsequently accruing.
 

 The contract between Sherman and appellant provided that appellant might charge back to Sherman monies advanced in excess of commissions and that Sherman’s right to commissions would be subject to the repayment of those advances. In a suit by the Trustee in Bankruptcy to recover renewal commissions collected and retained by appellant pursuant to this
 
 *595
 
 agreement, the bankruptcy judge held however that there were no mutual debts between appellant and Sherman which permitted a set-off pursuant to Section 68(a) of the Bankruptcy Act, the predecessor of 11 U.S.C. § 553.
 
 [1]
 
 The judge stated that Sherman owed appellant $22,494.40, but that appellant owed Sherman nothing except to act as his agent in collecting his commissions. The bankruptcy judge granted the Trustee’s motion for summary judgment, and the district court affirmed. We reverse.
 

 There is a long line of New York cases dealing with advances against agents’ commissions. They hold uniformly that, in the absence of a specific agreement to the contrary, a commission salesman who receives advances on account of anticipated commissions is not personally liable for repayment of the advances. The advances are treated as prepaid compensation and are credited against commissions as they subsequently become payable.
 
 See, e.g., North-Western Mutual Life Insurance Co.
 
 v.
 
 Mooney,
 
 108 N.Y. 118, 15 N.E. 303 (1888);
 
 Nationwide Mutual Insurance Co. v. Timon,
 
 9 A.D.2d 1018, 194 N.Y.S.2d 429 (1959);
 
 Lobsitz v. Leffler, Thiele & Co.,
 
 140 A.D. 14, 124 N.Y.S. 533 (1910);
 
 Wolfsheimer
 
 v.
 
 Frankel,
 
 130 A.D. 853, 856, 115 N.Y.S. 958 (1909);
 
 Markstein v. M. Ufland & Co.,
 
 126 Misc. 683, 214 N.Y.S. 476 (1926). Other jurisdictions are in accord.
 
 See
 
 4 Couch on Insurance 2d 26:422. The bankruptcy judge erred, therefore, in holding that Sherman owed appellant $22,494.40 and in applying the mutual debt test of section 68(a). “[Ajdvances to the salesman are absolute and when his commissions as earned do not entitle him to the full sum advanced there can be no recovery by the employer of the difference.”
 
 Carter
 
 v.
 
 Bradlee,
 
 245 A.D. 49, 52, 280 N.Y.S. 368, 372 (1935).
 

 To the extent of the $22,494.40, Sherman’s future commissions were paid prior to his bankruptcy. There was no obligation on his part to return the money. By the same token, Sherman was entitled to no further compensation until the amount of renewal commissions exceeded what he had already been paid. The Trustee’s rights could be no greater; he could not recover commissions that had already been paid.
 
 See Mutual Trust Life Insurance Co.
 
 v.
 
 Wemyss,
 
 309 F.Supp. 1221, 1230-33 (D.Me.1970). The bankruptcy judge erred in holding to the contrary.
 

 The bankruptcy judge erred also in treating appellant’s right to retain commissions as a “security interest” requiring perfection under section 9-302 of the Uniform Commercial Code. The Code, as it then existed in New York, defined security interest as “an interest in personal property or fixtures which secures payment or performance of an obligation” or “any interest of a buyer of . contract rights which is subject to Article 9.”
 
 Id.
 
 § 1-201(37). A “contract right” was defined as “any right to payment under a contract not yet earned by performance and not evidenced by an instrument or chattel paper.”
 
 Id.
 
 § 9-106. Appellant’s right to refrain from paying $22,494.40 in commissions a second time, commissions which were earned before the bankruptcy petition was filed, hardly falls within the scope of these definitions.
 
 See Art-Camera-Pix, Inc. v. Cinecom Corp.,
 
 64 Misc.2d 764, 315 N.Y.S.2d 991 (1970).
 

 Reversed with instructions to remand to the bankruptcy court for proceedings not inconsistent with this opinion.
 

 [1]
 

 . Section 68(a) of the Bankruptcy Act read as follows:
 

 In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set-off against the other, and the balance only shall be allowed or paid.