*1013 OPINION OF THE COURT
Andrew V. Siracuse, J.
In the absence of a contrary provision in the employment contract, employees paid by commission are not obligated to repay draws in excess of commissions earned. A written, signed consent to repay draws in a document which falls short of contractual status does not allow the employer to escape the common-law rule, and the defendant in this case is entitled to summary judgment dismissing the complaint.
At the end of July 1989, defendant Gloria Bartolata was hired by plaintiff First Performance Mortgage Corporation as a mortgage sales representative in the New York City area. The record does not disclose the terms under which she was hired. At the beginning of 1990, responding to the decline in the New York real estate business, Bartolata and the other First Performance mortgage representatives were told to agree to a new compensation plan. The plan, which Bartolata signed on February 20, 1990, provides for payment by commission only. Employees were given a draw against commissions, and were obligated to repay any negative draw position upon resignation or firing. If an employee was terminated, he or she was credited with commissions on mortgages closed within 30 days after termination.
While the compensation plan appears to be a contractual document, it carefully avoids language which would suggest reciprocity of obligations. The employee signed the plan; no representative of management did. The plan was administered by a committee with full, unreviewable authority to interpret, construe, amend or terminate the plan, with or without notice. The title page contains this language: "The contents of this document are not intended nor should they be interpreted to establish a contractual relationship with any employees, or to induce reliance thereupon by any employees.” In addition, the employer reserved the right to terminate employees with or without cause, and expressly disclaimed any intention to continue the plan for the benefit of employees or their beneficiaries.
Bartolata was fired on September 7, 1990. By First Performance’s reckoning she had drawn $4,775 in excess of commissions earned. In response, Bartolata has contested both this calculation — alleging that certain mortgage closings were delayed past the 30-day deadline to deprive her of commissions —and her over-all liability.
While Bartolata calls the plan a contract of adhesion, she in *1014 effect points to the more central question of its legal significance. (A finding that the plan was an adhesion contract would not benefit her, because even the strictest construction of the plan’s terms would leave her liable for draws.) It is settled law that without a specific provision in the contract of employment a commissioned employee cannot be required to repay draws when his employment ends (see, Posner v Precision Shapes, 271 App Div 435, 439; Carter v Bradlee, 245 App Div 49, 52, affd 269 NY 664). When an employee in a negative draw position executes an agreement to repay that draw, the agreement is void as lacking consideration (Hebberd & Co. v Blake, 175 NYS 478).
In order for Bartolata to be liable, then, there must have been a valid and enforceable employment contract between her and First Performance. No such contractual relationship can be found. First Performance relies upon a unilateral change in the employment relationship by a document that disclaims any contractual status. The terms with which a document describes itself are not determinative. However, the absence of bargaining, the reserved power of the employer to amend or terminate the plan at any time without notice, its binding power to interpret the plan, and its denial of any intention to continue or maintain the plan, all support the conclusion that the plan is, indeed, something other than a contract. Certainly First Performance sought to avoid the reciprocal obligations that form the essence of a contract. Since there is no employment contract between plaintiff and defendant, the defendant’s agreement to repay draws is as unenforceable as a promissory note to repay (see, Hebberd & Co. v Blake, 175 NYS 478, supra). The complaint is dismissed, with costs.